BLACKWELL *v.* RAMSEY-BRISBEN STONE COMPANY.

LUMPKIN, J.  1. Where a judge sustained a special demurrer to a paragraph of a petition, with leave to the plaintiff to amend it in ten days, if no amendment was offered in that time, the effect of the judgment was to eliminate the objectionable paragraph from the petition; and thereafter the petition stood as if no such paragraph were contained therein.

2. With the stricken paragraph omitted, it was alleged, that the plaintiff was employed by the defendant as a laborer in the erection of a building; that the master was bound to furnish him a safe place to work and reasonably safe appliances to carry on the work; that while he was at work in this employment, without notice or warning to him the wire rope used in connection with the derrick snapped, broke, fell, struck a platform under which plaintiff was working, and knocked down a portion of it so as to fall on the plaintiff, injuring him.  In another of the remaining paragraphs it was alleged, that the plaintiff "was entirely free from fault in and about the manner of receiving such injuries which was caused by the negligence of the defendant company in having and using the defective, worn, strained, and broken rope in connection with the derrick, for the purpose of raising heavy loads of stone and other building material from the ground and to second and higher stories of said church building for use therein."  *Held,* that there was in this last-mentioned paragraph a sufficient allegation of negligence on the part of the defendant to authorize an amendment amplifying such allegation.

3. Whether or not this paragraph as it originally stood was subject to the objection that it contained allegations both as to freedom from negligence on the part of the plaintiff and the existence of negligence on the part of the defendant, and as not being an orderly and distinct paragraph, no such objection was made to it.  As it stood, an amendment amplifying the statement of negligence on the part of the defendant was germane to such paragraph; and its rejection on the ground that it was not so germane, and a dismissal thereupon of the petition as insufficient, was error.          *Judgment reversed.  All the Justices concur, except*

BECK, J., dissenting.  The amendment which was disallowed being germane only to the stricken paragraph and not to the one to which it was proposed to add it, the judge properly repelled the same, and his doing so was not error.

Submitted June 5,—Decided November 16, 1906.

Action for damages.    Before Judge Reid.    City court of Atlanta.  November 18, 1905.

The proposed amendment to which the foregoing decision refers was offered as an amendment to paragraph 8 of the petition (quoted in the second division of the decision), and was as follows:  "That the derrick which was to be used by the defendant for raising stones and other heavy material was being manipulated by one of the serv-

ants of the defendants, and the cable or rope which was used for sustaining the weight of said material was old and greatly worn and out of repair; so much so as to render it unsafe for carrying the heavy loads that were placed upon it; and this caused the said cable to give way and precipitate the load which was being carried by said derrick on to the scaffold above the plaintiff, as hereinbefore alleged; that the plaintiff was put to work under this scaffold by the master, as hereinbefore alleged, and had nothing to do with manipulating or inspecting the said derrick or said cable, and did not know, and could not, by the exercise of ordinary care, have known of its defect and unsafe condition; but the defendants either knew or, by the exercise of ordinary care, ought to have known of its imperfect and unsafe condition, and were negligent in using the said derrick in its then condition, and in placing this plaintiff in a position to work which subjected him to being hurt and injured, as hereinbefore alleged."

The order disallowing the amendment was as follows:  "This proposed amendment being this day offered is, in its present form, disallowed.  So much of same as contains specific averments of fact as to the condition of the cable, its use and operation, and the result thereof, is not germane to paragraph 8 of the declaration, and hence not allowable as an amendment thereto; being, instead, germane only to paragraph 2 [to which a demurrer was sustained], the time for amendment of which has long since expired.  So much of said proposed amendment as refers to plaintiff's freedom from fault, and knowledge or lack of knowledge of plaintiff, is germane to said 8th paragraph of the declaration, and would be allowed if separated from the other averments of said proposed amendment. Plaintiff declining so to do, and insisting on the allowance of the proposed amendment as it now stands, the court declines so to do, and the amendment as offered is therefore disallowed."

Cited by counsel:  Acts 1893, p. 56; Civil Code, § 5048; Ga. R. 115/97, 101; 96/807; 97/473; 111/862; 122/695; 120/785.

George Westmoreland and Henderson Hallman, for plaintiff.

Smith, Hammond & Smith, for defendant.