## 2724.　SPURGEON *v.* THE STATE.

POWELL, J.　1. The evidence authorized the defendant's conviction of voluntary manslaughter; indeed, the evidence seems to preponderate in favor of this theory of the case.

2. There was no material error, if error at all, in the judge's telling the jury that there are two kinds of manslaughter, voluntary and involuntary; though there was no theory of the evidence indicating involuntary manslaughter.　The judge did not submit to the jury any issue as to involuntary manslaughter; and they did not render any verdict as to that offense.

3. The court did not err in charging the jury as follows: "The character of the deceased for violence, and the character of the defendant for peaceableness, if the evidence discloses such, you will consider along with the other evidence in the case in arriving at your verdict."　The language was not erroneous of itself, and was sufficiently complete in the absence of a request for further instructions on the subject.

4. The court did not err in charging the jury: "After the difficulty in the supply room (if they had a difficulty and fight in there) had ceased, [if] it should appear, from the evidence, Haney [the deceased] declined any further struggle, and started off about his business, then the evidence as far as relates to that difficulty in the supply room would be

immaterial, unless you should believe that the difficulty in there generated in the mind of the defendant in this case that sudden, violent impulse of passion supposed to be irresistible, and that he acted under the influence of that passion, and pursued Haney with his knife, assaulted him and killed him; and if you should believe the defendant did that, Haney having declined any further struggle with him, you would be authorized to find the defendant guilty of voluntary manslaughter;" the instruction being pertinent to one theory of the evidence, and the court having fully instructed the jury as to the law to govern their deliberations in considering other theories which might also be deduced from the evidence.

5. The other exceptions are without merit.

*Judgment affirmed.*

DECIDED JULY 25, 1910.

Indictment for manslaughter; from Floyd superior court—Judge Maddox.    May 21, 1910.

*Sharp & Sharp, F. W. Copeland, M. B. Eubanks,* for plaintiff in error.    *John W. Bale, solicitor-general,* contra.