### 9382.　MARBUT v. SOUTHERN RAILWAY COMPANY.

Under the facts as shown by the record the trial judge did not err in disallowing the amendment offered by the plaintiff and in dismissing the petition.

DECIDED MAY 15, 1918.

Action for breach of contract; from Fulton superior court—Judge Bell. September 22, 1917.

Marbut brought suit against the Southern Railway Company and Atlanta Lodge No. 354, Brotherhood Railway Carmen of America. The defendants filed separate but identical demurrers to the petition. In the first and third paragraphs of these demurrers it was contended that no cause of action was set out, and that the matters and things alleged in the petition deprived the plaintiff of the right to maintain a cause of action against the defendants. The second paragraph is that "there is no joint cause of action against this defendant and its codefendant." The other paragraphs of the demurrer contain special grounds. The court by an order on May 4, 1917, overruled paragraphs 1 and 3, and sustained the other paragraphs of the demurrer with leave to amend within ten days from date. Orders were afterwards passed extending the time for amendment to May 26, 1917, and on that day an amendment was

allowed and ordered filed, subject to demurrer. By this amend-
ment it was sought to remedy the defects pointed out by the special
grounds of the demurrers, but the amendment did not meet para-
graph 2 of the demurrers, viz., that no joint cause of action was
set out against the defendants. On September 14 the defendants
filed a motion to dismiss the petition. This motion recited the
second ground of the demurrers, and the orders of the court on
the demurrers, and stated that, "the amendment [of plaintiff]
failing in any way to meet the judgment of the court sustaining
paragraph 2 of the respective demurrers of the defendants, the
judgment as to said paragraph two became final and absolute.
Paragraph 2 was a general demurrer, and the effect of the order
of the court in sustaining this general demurrer was to dismiss
the petition upon said general demurrer. The plaintiff having
failed by the amendment filed by him to remedy this situation,
the sustaining of this general demurrer became final, and by rea-
son of the sustaining of such general demurrer, set forth in para-
graph 2 of the respective demurrers of the defendants, the case
was ended. Defendants show that they are now entitled to an
order dismissing the case, based upon the said order of the court
sustaining the general demurrer of defendants as set forth in
paragraph two of their respective demurrers." The plaintiff was
ordered by the court to show cause why the motion should not be
sustained and the case dismissed. On the hearing of this motion,
on September 22, an amendment striking the defendant Atlanta
Lodge No. 354, Brotherhood Railway Carmen of America, from
the petition, was offered by the defendant and was disallowed, and
the court thereafter passed an order sustaining the motion and dis-
missing the case. The plaintiff excepts to the order disallowing
this amendment, and to the order sustaining the motion to dismiss.

*Lawton Nalley*, for plaintiff.

*McDaniel & Black*, for defendant.

HARWELL, J. (After stating the foregoing facts.) The ques-
tion in this case is, did the court err in disallowing the amend-
ment offered by the plaintiff, striking the brotherhood as a defend-
ant, and in sustaining the motion to dismiss the suit. The court
had passed an order sustaining certain demurrers of the defend-
ants, one of which was that there was no joint cause of action
against the defendants, and giving the plaintiff a certain length

of time in which to amend, this time being extended by order of the court. The plaintiff, within the time allowed, tendered an amendment, which was allowed by the court, but this amendment did not meet the attack made on the petition, that no joint cause of action was set out against the defendants. No exceptions to the order sustaining the demurrer were filed by the plaintiff. The order sustaining the demurrer was therefore an adjudication that no joint cause of action was set out against the defendants; and, since no exceptions to this order were filed by the plaintiff, it became the law of the case, and the suit was subject to be dismissed, upon motion of the defendants, for misjoinder of parties defendant. The plaintiff having failed to amend within the time allowed, the court properly disallowed the amendment offered at the hearing of the motion to dismiss, on September 22, and dismissed the case. *Lovelace* v. *Browne,* 126 *Ga.* 802 (55 S. E. 1041); *Blackwell* v. *Ramsey &c. Co.,* 126 *Ga.* 812 (55 S. E. 968); *Waller* v. *Clarke,* 132 *Ga.* 832 (64 S. E. 1096); *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Hinson* v. *Mutual Fertilizer Co.,* 19 *Ga. App.* 121 (91 S. E. 241); *Babb* v. *Thomasville Live Stock Co.,* 17 *Ga. App.* 384 (87 S. E. 159); *Miller* v. *Southern Railway Co.,* 21 *Ga. App.* 367 (6) (94 S. E. 619).

*Judgment affirmed.    Broyles, P. J., and Bloodworth, J., concur.*