10420. KELLY *v.* GEORGIA RAILWAY & POWER CO.

1. An order sustaining a demurrer to a petition upon the ground of misjoinder of parties or of actions is a final judgment, unless the defect be cured by amendment prior to exceptions being taken to the order, and the effect of such order is to dismiss the petition as against the demurrant.

2. It is not necessary that such order contain a provision therein, or that there be an additional order, expressly dismissing the petition.

3. Thus, where an order sustaining a demurrer which operates to dismiss a petition allows a specified time in which to amend, such a provision will not necessarily operate to change the character of the order as respects its being a final judgment. The order, as it stands, still operates to sustain the demurrer and may become final. While such order will operate as a final judgment after the time allowed for amendment has expired, in the event no amendment is fined, it may nevertheless beforehand become final upon a refusal to accept the privilege of amendment. In the latter event it will not be necessary to wait until after the expiration of the time allowed for amendment, before excepting to the order as a final judgment. Where the plaintiff, before the expiration of the time for amendment, and without filing any amendment to the petition, presents and has certified a bill of exceptions excepting to such order and files it with the clerk of the trial court, the plaintiff will be considered as having waived any right which he may have had to amend the petition, and such bill of exceptions will be construed as excepting to a judgment thus made final, and will not be dismissed upon motion of defendant in error upon the ground that such judgment was not final and that the bill of exceptions was prematurely brought.

4. Where the plaintiff charged that she was damaged by two defendants, and alleged that such damage was occasioned by a collision between a street-car belonging to one of the defendants, upon which she was a passenger, and an automobile truck belonging to the other defendant, but separately charged acts of negligence against each defendant as causing the collision, and it appeared from the petition that such acts of negligence jointly and concurrently caused the collision and thereby produced the damage complained of, the plaintiff sufficiently charged the defendants as being joint tort-feasors.

5. The paragraph of the plaintiff's petition alleging drug and doctor's

bills incurred was sufficient specific, and the special demurrer thereto was improperly sustained.

DECIDED NOVEMBER 19, 1919.  REHEARING DENIED NOVEMBER 28, 1919.

(Certiorari granted by the Supreme Court.)

Action for damages; from Fulton superior court—Judge Bell. February 4, 1919.

*Lowndes Calhoun,* for plaintiff.

*Colquitt & Conyers,* for defendant.

STEPHENS, J.  The defendant demurred to the plaintiff's petition upon the ground of a misjoinder of parties and actions.  The trial judge sustained the demurrer, passing the following order: "This demurrer is upon consideration thereof sustained with leave granted to the plaintiff to amend on or by the 1st of March, 1919. This Feb. 4, 1919."  On February 10, 1919, before the expiration of the time allowed for amendment, the plaintiff, without availing herself of the right to file an amendment, presented and had certified a bill of exceptions assigning error upon the passage of this order, which bill of exceptions was filed in office on February 18, 1919.  Counsel for defendant in error moves this court to dismiss the writ of error, upon the ground that there is no exception to a final order and that the bill of exceptions is permaturely brought to this court.

1. A demurrer to a petition for misjoinder was, at common law and by the earlier decisions of the Georgia Supreme Court, denominated a general demurrer.  *Governor* v. *Hicks,* 12 *Ga.* 189. While by later decisions it is denominated a special demurrer (*Georgia Railroad &c. Co.* v. *Tice,* 124 *Ga.* 459, 463, 52 S. E. 916 4 Ann. Cas. 200), still the effect of sustaining such a demurrer is, in the absence of an amendment, just as fatal to the petition and operates in precisely the same manner as the sustaining of a general demurrer, so far as the working of a dismissal of the petition is concerned.  Civil Code (1910), § 5631.  A judgment sustaining a general demurrer is a final judgment.  *Whidden* v. *Thomasville,* 10 *Ga. App.* 194 (73 S. E. 45) ; *O'Neal* v. *Miller,* 9 *Ga. App.* 180 (70 S. E. 971).  It follows, therefore, that such an order, in the absence of any amendment, is a final judgment dismissing the petition against the demurrant, and is directly reviewable by this court.

2. It is not essential to an order sustaining either a general or a special demurrer that there be a provision expressly dismissing

the petition or expressly striking the objectionable paragraph specially demurred to. The effect of such an order, without an express provision of dismissal, is to work a dismissal of the petition or the paragraph excepted to. From the original records in the cases of *Whidden* v. *Thomasville,* and *O'Neal* v. *Miller,* cited supra, where it was held that a judgment sustaining a demurrer to a petition was a final judgment dismissing the petition, and in *Blackwell* v. *Ramsey,* 126 *Ga.* 812 (55 S. E. 968), where it was held that a special demurrer to a paragraph of a petition had the effect of striking the objectionable paragraph, it does not appear in any of the orders excepted to, or anywhere else, that the petition had been expressly dismissed or the objectionable paragraph demurred to had been expressly stricken. It follows, therefore, that the order in the instant case, even though there was no express dismissal, ipso facto operated to dismiss the plaintiff's petition as against the complaining party defendant upon the ground of a misjoinder of parties and actions. This is true whether the demurrer be denominated a general or a special demurrer.

3. Where an order sustaining a demurrer, either general or special, allows the plaintiff a specified time in which to amend, such a provision does not in all events operate to change the character of such order as respects its being a final disposition of the petition or the paragraph demurred to. *Blackwell* v. *Ramsey,* supra. The order as it stands still operates to sustain the demurrer, and may finally become effective to dismiss the petition or the paragraph excepted to. Whether a demurrer be denominated a general or a special demurrer, it is not necessary for plaintiff to wait until the time allowed for amendment has expired, or obtain a formal order dismissing the petition, before he can except to the order sustaining the demurrer. Had the plaintiff in this case waited until after the time provided for amendment had expired, without filing any amendment, the order would have become final without any change therein or without any formal order dismissing the petition. This being true, it seems that the order could just as effectively have become final before the time for amendment had expired, by the plaintiff doing some affirmative act,—as the tendering of a bill of exceptions,—which would amount to a waiver or a forfeiture of the right to amend. It can hardly be said that the plaintiff could waive or forfeit the right to amend

only by waiting until after the time had expired. Where the plaintiff, before the expiration of the time for amendment, and without filing any amendment to the petition, presents and has certified a bill of exceptions excepting to such order, and files the same with the clerk of the trial court, the plaintiff will be considered as having waived any right which he may have had to amend the petition, and such bill of exceptions will be construed as excepting to a judgment thus made final and will not be dismissed upon motion of defendant in error upon the ground that such judgment was not final and that the bill of exceptions was prematurely brought. In the case of *Waller* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096), the Supreme Court held, that, where a demurrer was sustained in an order which provided "that the petition be dismissed, unless the plaintiff shall within 30 days amend to meet the grounds," and where the 30 days did not expire until after a subsequent term of the court had begun, the provision in regard to the amendment did not operate to make such order an order at the subsequent term, but that such order would be treated as one belonging to the former term of court, and was a final order of that term. Justice Holden, speaking for the court, said: ."The thirty days given in that order within which the plaintiff might amend to prevent dismissal of its petition was liable to expire in vacation. The court could not definitely know when the order was passed that the [subsequent] term would be in session at the expiration of the thirty days. . . The plaintiff had the right to offer the amendment at any time before the expiration of the thirty days and hence could have offered it before the [subsequent] term began, and could have thus prevented the order from operating at a time occurring during the [subsequent] term. The plaintiff could also have repudiated the offer of the court to allow amendment, and could have treated the petition as dismissed, by refusing to amend and filing exceptions to the order before the [subsequent] term began. . . When the order of the [former] term was passed, that the petition be dismissed unless the plaintiff amended within thirty days, the plaintiff ought to have accepted, or excepted, but it did neither. It did not accept the terms of the order by offering an amendment within thirty days, nor did it except by filing exceptions within the time required. The order merely gave the plaintiff the privilege to amend to prevent dismissal. If the plaintiff had submitted to

the order requiring amendment and amended his petition to conform thereto, he could not be heard thereafter to say that an amendment was not necessary." In the instant case the plaintiff "did not *accept* the terms of the order by offering an amendment," but did "*except* by filing exceptions" thereto. See also, in this connection, *Pratt* v. *Gibson,* 96 *Ga.* 807 (23 S. E. 839). The instant case is distinguishable from *Travelers Ins. Co.* v. *Callaway,* 21 *Ga. App.* 743 (94 S. E. 1043), and cases there cited. In none of these cases did the plaintiff directly except to an order sustaining a demurrer to his petition with leave to amend without having first availed himself of this privilege.

4. Plaintiff brings suit against the Georgia Railway & Power Company, a public carrier of passengers, and the American Express Company, charging that the defendants damaged her in a named sum, alleging that she was a passenger on one of the power company's cars, which was coming down a certain street in the City of Atlanta, and that upon arriving at the intersection of another street the said street-car and the motor truck of the express company collided, hurling plaintiff violently against the side of the car and injuring her as set out in the petition. The petition thereafter alleges separate acts of negligence upon the part of each defendant, without any allegation, other than as above set out, that such acts of negligence jointly and concurrently caused plaintiff's injuries. The petition charges that the power company was negligent in operating its car at a rapid and negligent rate of speed in view of the travel and congestion along said street, did not slow down on approaching an intersection street, did not keep a lookout for vehicles coming along said intersecting street, and gave no warning, by bell or otherwise, of the approach of said car to said intersecting street, that the said power company could have avoided said collision, etc.; that said express company was negligent in that it operated its truck at a rapid rate of speed, and at an angle across the car track of the power company, and without giving any warning of the approach of said truck, and without regard to the congested traffic conditions existing at said point, without keeping said truck under control, and without keeping a proper lookout on approaching the intersecting street; that said express company ran its truck in violation of an ordinance of the City of Atlanta, which provides for rules and regulations governing the

operation of automobiles upon turning into a cross street. The defendant power company demurred to this petition, upon the ground that there was a misjoinder of parties and actions, and also specially demurred to one of the paragraphs of the petition; which demurrer the trial judge sustained.

We think the petition properly joined the defendants as joint tort-feasors. While it alleges separate acts of negligence upon the part of each defendant, it alleges that the plaintiff's injuries were caused by both defendants "by reason of the following facts," and then proceeds seriatim to set out separately acts of negligence of each defendant. The only conclusion that can be drawn from the petition is that the negligence of both defendants jointly and concurrently caused the collision, which collision is alleged as producing and causing the injuries to the plaintiff.

In the case of Matthews *v.* Delaware &c. R. Co., 56 N. J. L. (1893) 34 (27 Atl. 919, 22 L. R. A. 261), the headnotes read as follows: (1) "One injured by a collision between a locomotive of a railroad company and a car (in which he was a passenger) of a street-railway company may maintain a joint action against both companies if the collision was produced by the neglect of the railroad company to give notice of the approach of the locomotive, concurring with the neglect of the railway company to observe proper care in crossing the railroad track." (2) "Although such duties are diverse and the neglect to perform each is separate and disconnected, yet, as the wrong-doing of one company unites with that of the other in causing injury, the tort is joint, and one or both tort feasors may be sued." The court in its opinion says: "If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well settled principles each, any or all of the tort feasors may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then, although the duties were diverse and disconnected, and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the tort feasors are subject to like liability." This case has been cited and quoted approvingly by Cooley in his work on Torts, p. 247. The learned author then goes on further to say: "By the weight of authority, if a person is injured by a

collision between the trains or cars of two companies, then, if both companies are negligent, both are jointly and severally liable," citing numerous cases. See also *Bonner* v. *Standard Oil Co., 22- Ga. App.* 532, 535 (96 S. E. 573); *Barrett* v. *Savannah,* 9 *Ga. App.* 642, 644 (72 S. E. 49); Tompkins *v.* Clay, 66 Cal. (1884) 163 (4 Pac. 1165); 2 Modern Am. Law, 432.

Both defendants owed a duty to the plaintiff. The power company owed to the plaintiff that duty which a carrier owes to a passenger upon one of its cars. The express company owed to the plaintiff the general duty which any one operating a vehicle along the public streets owes to one having the lawful right to use the said streets. It therefore follows that although these duties were diverse and disconnected, and the negligence of each defendant was without concert, if the collision which produced the injuries to the plaintiff was caused by the negligence of both defendants acting jointly, the defendants were joint tort feasors, and there was no misjoinder of actions or parties.

The trial judge erred in sustaining the demurrer.

*Judgment reversed. Jenkins, P. J., Smith, J., concur.*