14414, 14519.   ATLANTIC REFINING CO *v.* PEERSON;
and *vice versa.*

1. The court did not err in overruling the third and sixth grounds of the
   defendant's special demurrer.
2. There was no error in sustaining the seventh ground of the demurrer to
   the petition as amended.
3. Where a court enters up a judgment that three grounds of a special
   demurrer to a petition be sustained, and that the petition is "dis-
   missed at plaintiff's cost, unless plaintiff, within four days from this
   date, shall file an amendment curing the defects pointed out by said
   grounds of defendant's special demurrer," and, within the time speci-
   fied, the plaintiff, without objecting in any way to the terms of the
   judgment, files an amendment which cures the defects pointed out by
   two of the grounds of the demurrer, but fails to remedy those indi-
   cated by the other ground, and the court, in passing upon a timely
   motion to dismiss the petition because the amendment filed failed to
   meet "the terms, conditions, and requirements of said judgment," ad-
   judicates that the petition be not dismissed, but that plaintiff's failure
   to meet the ground of the demurrer merely eliminated from the case
   the paragraph as to which the demurrer was sustained, *held,* that the
   first judgment, unchallenged and unchanged, was the law of the case;
   that its plain purport was that the defective paragraph of the petition
   attacked by the seventh ground of the demurrer was essential to the
   plaintiff's case; and that the contrary judgment rendered on the motion
   to dismiss was erroneous.

DECIDED DECEMBER 5, 1923.

Action for damages; from Glynn superior court—Judge High-
smith.   January 29, 1923.

*Bennet, Twitty & Reese,* for plaintiff in error.

*J. T. Colson, Little, Powell, Smith & Goldstein,* contra.

LUKE, J.   When this case was previously before this court
(see *Atlantic Refining Co.* v. *Peerson, 28 Ga. App.* 779, 113

S. E. 116), the petition as first amended and the demurrer thereto were set out in full in the decision; and we shall now give only such a brief statement of the case as is essential to a clear understanding of the questions here presented. Plaintiff procured a judgment against defendant for damages alleged to have been sustained by him while in the employ of defendant, in attempting to cut a rivet inside a large iron smoke-stack lying prone on the ground. It was alleged that his injury resulted from his being struck in the eye by a flying fragment from a defective punch, which, while being held in position by him, was shattered from an ordinary blow upon it with a hammer wielded by a fellow-workman. It was also alleged that the punch furnished to him was an improper instrument for doing the work at hand. The judgment of this court upon the first appearance of this case here was: that the overruling of the defendant's general demurrer was not error; that the amended petition was subject to the 3d, 6th, 7th, and 9th special grounds of the demurrer; and that the overruling of some of these special grounds rendered the further proceedings in the case nugatory.

On January 18, 1923, in making the remittitur the judgment of the trial court, the judge struck paragraph 18 of the petition, upon the ground that it was immaterial and inflammatory, as charged in the 9th ground of the demurrer, and adjudged "that the 3d, 6th, and 7th grounds of defendant's special demurrer be, and the same are, hereby sustained, and said petition be and the same is hereby dismissed at plaintiff's cost, unless plaintiff, within four days from this date, shall file an amendment curing the defects pointed out by said grounds of defendant's special demurrer." This order further provided "that if plaintiff shall file any amendment to his petition within the time herein required, the right be and is hereby reserved and given to defendant, at any time within three days from the date of the filing of such amendment by plaintiff, to demur to plaintiff's petition as then amended, or file such other pleadings thereto as defendant may deem proper." Within due time the plaintiff amended, and the defendant filed a timely motion to dismiss the case because the plaintiff's amendments failed to meet "the terms, conditions, and requirements of said order and judgment of January 18, 1923." On January 29, 1923, in passing upon said motion to dismiss, it

was adjudged by the court that plaintiff's amendment was sufficient to meet the 3d and 6th grounds of the special demurrer, but failed to meet the 7th ground. It was further "ordered and adjudged that the within motion is overruled and denied, and that said case does not stand dismissed under the aforesaid order of January 18, 1923, the court holding that said 7th ground of demurrer relates to an allegation of negligence, and that the effect of plaintiff's failure to amend to meet said grounds of demurrer is to eliminate from the case and preclude plaintiff from recovering on the theory that defendant should have provided plaintiff with a side rivet cleaver instead of the B & O punch."

The 3d ground of the demurrer was that the plaintiff did not in the 16th paragraph or elsewhere in his petition "allege by what means, examination, or test defendant could have discovered the alleged defect or danger in the punch used by him, or in the work he was doing;" and the 6th ground was that the plaintiff failed to allege how a reasonable inspection of the punch would have disclosed to the defendant its defective condition, or why the defect did not appear to plaintiff. The amendments offered so clearly met these grounds of the demurrer that it would be useless to discuss them. The 9th ground of the demurrer has been eliminated from the case.

The controlling and only matters for us to consider are two. The first is whether the contention raised by the plaintiff in his cross-bill of exceptions, that the court erred in holding that the 7th ground of the demurrer was not cured by amendment, is correct. If the court did so err, a reversal must follow; if not, the remaining question to be determined is that raised by the contention in the defendant's direct bill of exceptions, that the court erred in failing to sustain its motion to dismiss the petition.

The 7th ground of the special demurrer is directed at subsection *i* of the 16th paragraph of the petition, which is as follows: "That defendant was negligent in not furnishing petitioner with a tool equal in kind to that in general use, and reasonably safe for petitioner, who operated it with ordinary care and diligence, for that had defendant so done, it would have furnished petitioner with a side rivet cleaver, such a side rivet cleaver would have made easy the cutting off the head of said rivet, and would thus have avoided said injury." Defendant's demurrer to this subsection

is: "Because defendant [plaintiff] does not allege that he did not know that the punch being used by him was an improper instrument, and that it was not a side rivet cleaver, which he alleges would have made easy the cutting of the rivet." We think it is clear that plaintiff's attempt to show by this amendment that he did not know that the punch used by him was an improper instrument is abortive, for the reason that, construing his amendment most strongly against him, it merely alleges that he did not know the cleaver was an improper instrument because he had not gone into the stack, without setting out any sufficient facts to indicate why he should not have entered the stack and examined the rivet before attempting to cut it off.

We have given this case sedulous attention, and have experienced no little difficulty in deciding it. We do not deem it necessary to discuss those cases wherein the general rule is laid down that the effect of striking from a petition a paragraph without which a cause of action would be set forth is not to work a dismissal of the petition, but only the elimination from the case of the defective paragraph. This rule is applied in the following cases cited by plaintiff. *Blackwell* v. *Ramsey-Brisben Stone Co.*, 126 *Ga.* 812 (1) (55 S. E. 968); *Canuet* v. *Seaboard Air-Line Ry.*, 128 *Ga.* 41 (1) (57 S. E. 92); *McSwain* v. *Edge*, 6 *Ga. App.* 9 (1) (64 S. E. 116). In none of these cases does there appear to have been a judgment that the failure of plaintiff to offer an amendment curing the defects attacked by the demurrer within a stipulated time worked a dismissal of the petition. Nor do we think this case is controlled by the rule laid down in *Folsom* v. *Howell*, 94 *Ga.* 112 (1). There the order of the court was that the petition be dismissed unless amended within a given time so as to make it good in law. The ruling of the Supreme Court was that the judgment was not final upon the merits, but that the "petition was open for amendment within the time limited, and another demurrer afterwards filed to the petition as amended should have been overruled if the petition as a whole set forth a cause of action, whether the matter contained in the amendment aided it or not." If the petition was originally good as against the demurrer, and another demurrer was filed to the amended petition, the whole case was opened up, and, of course, the second demurrer was not good any

more than the first one. The case of *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (1) (78 S. E. 902), is another instance where there was an order similar to the one in the *Folsom* case, supra. There the petition as amended was demurred to, and the trial court held that two grounds of the demurrer were good. The Supreme Court held that the original order was conditional and did not finally dispose of the case, and that where, in such a case, the amended petition is sufficient to withstand the amended demurrer, the case is still in court.

In the case at bar the trial court held that a certain allegation of negligence was essential to the vitality of the petition, and that if the plaintiff failed to file an amendment within four days *curing* the defects pointed out by the demurrer, his case should be dismissed, and that within three days from the time of offering the amendment the defendant could demur, or file such other pleadings as he saw fit, to the amended petition. Plaintiff amended within the stipulated time, and defendant did not demur to the amended petition, but filed his timely motion to dismiss the same because defendant failed to meet the terms and conditions of the court's previous order. Defendant's motion performed the functions of a demurrer, and more besides. It invoked the court's ruling as to whether the amendment offered cured the defects pointed out by the demurrer, and then insisted that the petition be dismissed, not because the usual consequence of striking a non-essential allegation of negligence is the dismissal of the petition (for it is not), but because, the court having previously so held, such holding became the law of the case and was binding on the court. In our opinion, the motion to dismiss partook so much of the nature of a demurrer that when the judge, on the hearing of that motion, adjudged that the amendment did not cure the defective allegation in the petition, the court could have given plaintiff an opportunity to cure such allegation by further amendment; and had it been perfected, the court could have then properly overruled the motion to dismiss. If no amendment had been filed within four days to meet defendant's demurrer, the case would have automatically been dismissed. *Clark* v. *Ganson,* 144 *Ga.* 544 (1) (87 S. E. 670). If an amendment had been filed within four days but not allowed, the petition would have stood dismissed. *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833). If,

as was done, an amendment was filed and allowed, but failed to cure the defects pointed out by the demurrer, under the rulings in the *Folsom* and *Olds Motor Works* cases, supra, the court could have allowed the plaintiff to amend further to meet the demurrer; and if he had then successfully done so, he would have been in court. But this was as far as the court could go. The first order, in so far as it held that the amendment under consideration was essential to plaintiff's case, was still the law of the case, that judgment not having been changed or questioned in any way, and the court could not destroy the effect of it by a subsequent judgment holding directly contrary to it. *Hinson* v. *Mutual Fertilizer Co.*, 19 *Ga. App.* 121 (91 S. E. 241); *Marbut* v. *So. Ry. Co.*, 22 *Ga. App.* 330 (95 S. E. 1021), and cases cited; *Kelly* v. *Ga. Ry. & Power Co.*, 24 *Ga. App.* 439 (101 S. E. 401); *Pratt* v. *Gibson*, 96 *Ga.* 807 (23 S. E. 839).

Nor do we think that the fact that the order of January 18 and the order of January 29 were both passed during the same term of court affects the conclusion we have reached. The former judgment may have been in the breast of the court, but it was not properly taken out.

*Judgment on main bill of exceptions reversed; judgment on cross-bill affirmed. Broyles, C. J., and Bloodworth, J., concur.*