### 15267.  HOWARD *v.* CITIZENS & SOUTHERN BANK.

The overruling of the general demurrer to the first count of the plaintiff's petition, not being excepted to, was a conclusive determination that a right of action existed in favor of the plaintiff; the undisputed evidence established the plaintiff's case as laid in that count, and the court erred in directing a verdict for the defendant.

DECIDED APRIL 15, 1924.

Complaint; from Fulton superior court—Judge Ellis. December 3, 1923.

Application for certiorari was denied by the Supreme Court.

The first count of the plaintiff's petition is as follows:  "1. Defendant is a corporation of said State, has an office and agent in said county, and on November 24, 1920, was engaged in doing a general banking business in said State and county.

"2. On November 9, 1920, plaintiff's name was Mrs. F. A. Glisson, and on said date there was issued to her a draft of which the following is a copy, to wit:

"'Bank of Cobbtown,

"'Cobbtown, Ga., Nov. 9, 1920.

"'On demand pay to the order of Mrs. F. A. Glisson $700.00

Seven Hundred and no/100 Dollars value received and charge same to account of Merchants & Farmers Bank, Jesup, Ga.

J. H. Glisson, Adm'r.'

"3. On November 24, 1920, plaintiff was a depositor in defendant's bank, having a regular account therein, and a pass-book as evidencing said account.

"4. On said date of November 24, 1920, plaintiff indorsed said draft in blank, deposited the same with defendant, paid defendant the sum of one (1.00) dollar as exchange thereon, and said draft was entered to the credit of plaintiff in her account with defendant, and a credit thereof entered upon her pass-book for the amount thereof.

"5. Defendant forwarded said draft to its agent and correspondent at Jesup, Ga., to wit, the Jesup Banking Company, at Jesup, Ga., which said Jesup Banking Company presented said draft to the drawee, to wit, the Merchants & Farmers Bank, of Jesup, Ga., and said Merchant & Farmers Bank on November 27, 1920, paid to said Jesup Banking Company the amount of said draft, took up said draft, charged the amount of the same to the account of the drawer thereof, J. H. Glisson, adm'r, and delivered said draft, marked 'Paid,' on said date to said drawer.

"6. Plaintiff is informed and believes that said Jesup Banking Company did not remit in cash or otherwise to defendant, as its principal, the amount of said draft so collected, but that said Jesup Banking Company suspended payment, on November 29, 1920, and was taken charge of by the superintendent of banks of the State of Georgia on said date of November 29, 1920, and that all of the assets of said Jesup Banking Company are now in the hands of State superintendent of banks.

"7. On December 4, 1920, defendant charged back the full amount of said draft, to wit, seven hundred dollars ($700.00), against the account of plaintiff, refused to pay plaintiff said seven hundred dollars on demand therefor, and refused on demand to return to plaintiff said draft.

"8. Plaintiff avers that the actual final payment of said draft was made by the drawee thereof and received by the Jesup Banking Company as agent of defendant on November 27, 1920, and

that defendant is indebted to plaintiff in said sum, with interest thereon from said date."

*Conyers & Wilcox, Colquitt & Conyers,* for plaintiff.

*Winfield P. Jones,* for defendant.

BROYLES, C. J. 1. The petition contained several counts. A general demurrer to the first count was overruled, and to this judgment no exceptions were taken. This ruling, therefore, "made the law of the case, and was a conclusive determination that a right of action existed in favor of the plaintiff." The case proceeded to trial, and the undisputed evidence introduced clearly established the plaintiff's case as laid in the first count of her petition. The plaintiff, therefore, was entitled to a verdict and judgment in her favor for the amount sued for in the first count of her petition (*Pierpont Mfg. Co.* v. *Mayor &c. of Savannah,* 153 *Ga.* 455 (1), 457 (1), 112 S. E. 462, and citations), and the court erred in directing a verdict for the defendant and in overruling the plaintiff's motion for a new trial.

(a) As to this feature of the case, the sole contention of counsel for the defendant is that the evidence failed to prove the plaintiff's allegation that the Jesup Banking Company, of Jesup, Georgia, was the agent of the defendant. In our opinion the evidence for the plaintiff, coupled with the evidence for the defendant, demanded a finding for the plaintiff on this issue.

2. The above ruling being controlling in the case, it is unnecessary to consider the other assignments of error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*