### 16075. CITIZENS & SOUTHERN BANK *v.* HOWARD.

LUKE, J. This is the second appearance of this case before this court. On the first hearing in the court below a general demurrer to the first count of the petition was overruled; and this ruling, not being excepted to, became the law of the case. The case then proceeded to trial; and this court held that the undisputed evidence clearly established the plaintiff's case as laid in the first count of her petition, that she was entitled to a verdict and judgment for the amount sued for in that count, and that the court erred in directing a verdict for the defendant and in overruling the plaintiff's motion for a new trial. It was further stated that as to that feature of the case the sole contention of counsel for the defendant was that the evidence failed to prove the plaintiff's allegation that the Jesup Banking Company was the agent of the defendant, and that the evidence demanded a finding for the plaintiff on that issue. *Howard* v. *Citizens & Southern Bank*, 32 *Ga. App.* 22. In its original answer the defendant pleaded the very words of the act of 1919 (Ga. L. 1919, p. 207, Park's Ann. Code Supp., vol. 8, § 2280 (ii)). The amendment filed prior to the second trial of the case is merely an elaboration of this original plea. *Held:*

1. In the light of its former decision and the evidence adduced on the second trial of the case, this court is constrained to hold that the verdict and judgment for the plaintiff must stand, none of the grounds of the amendment to the motion for a new trial showing reversible error.

2. This court not being satisfied that the writ of error was prosecuted for the purpose of delay only, the request of the defendant in error that damages be assessed against the plaintiff in error is denied.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 14, 1925.

Complaint; from Fulton superior court—Judge Ellis. November 8, 1924.

Application for certiorari was made to the Supreme Court.

*Winfield P. Jones,* for plaintiff in error.

*Colquitt & Conyers, Conyers & Wilcox,* contra.