16294. HALL, administrator, *v.* MASSACHUSETTS PROTECTIVE ASSOCIATION INC.

BROYLES, C. J. 1. Where the trial judge, in considering general and special demurrers to a petition, passed an order reserving his judgment upon the general demurrer and sustaining the special demurrers, and allowing the plaintiff ten days within which to amend the petition to meet the special demurrers, the order reciting that if the petition was "not properly amended within said time, the parts of the petition demurred to are stricken;" and where this judgment was not excepted to, and no amendment was allowed, or presented to the judge, within the time specified (an amendment being merely filed within the time allowed in the office of the clerk of the trial court, without an order of the court allowing such filing), the court did not err in thereafter disallowing the amendment. See, in this connection, *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Marbut* v. *Southern Railway Co.,* 22 *Ga. App.* 330 (95 S. E. 1021); *Atlantic Refining Co.* v. *Peerson,* 31 *Ga. App.* 281 (3) (120 S. E. 652); *Howard* v. *Citizens & Southern Bank,* 32 *Ga. App.* 22 (122 S. E. 717).

2. The court having properly disallowed the purported amendment to the petition, and it having been made the law of the case that the petition was subject to the special demurrers interposed, and the petition, lacking the parts stricken by the special demurrers, not setting forth a

cause of action, the court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 14, 1925.

Complaint; from city court of Atlanta—Judge Reid. January 17, 1925.

*Lippitt & Long, Lippitt & Burt,* for plaintiff.

*Colquitt & Conyers,* for defendant.