### 17245. DAVIS v. FARMERS AND TRADERS BANK.

1. In the present action against a bank to recover on its alleged liability for a deposit, the plaintiff undertook to plead against an anticipated defense of payment, and to that end alleged that a conspiracy existed between the bank and two individuals to have the plaintiff, after making his deposit, accept from the bank at its place of business money to be delivered to those individuals under circumstances so planned and arranged as to afford ground for a contention later to be made by the bank that the plaintiff in receiving such money was accepting payment of his deposit. *Held,* that it was permissible for the plaintiff, after alleging the existence of the conspiracy, to set forth in his petition the circumstances under which he became acquainted with such individuals, and to recount in detail the events in which they were the actors in drawing him into a scheme laid by them and their confederates to defraud him, and to show that such acts culminated in a situation in

Banks and Banking, 7 C. J. p. 663, n. 54; p. 667, n. 99; p. 670, n. 42.
Conspiracy, 12 C. J. p. 630, n. 3, 8.
Contracts, 13 C. J. p. 263, n. 74.
Evidence, 22 C. J. p. 205, n. 43; p. 206, n. 50.
Pleading, 31 Cyc. p. 57, n. 32 New, 33; p. 102, n. 1; p. 109, n. 87; p. 110, n. 88; p. 393, n. 41.

which the defendant bank, by its cashier, actively participated, and by which the plaintiff was victimized in the defendant's banking house, in the manner indicated above.

2. Where a paragraph of the petition is demurred to specially because of the want of a copy of a writing or document referred to therein, and the court in sustaining the demurrer allows the plaintiff a stated period in which to amend, even though the plaintiff may altogether lose the right to amend the paragraph if he offers no amendment in the time allowed, yet if an amendment setting forth a copy of such instrument would be germane to some other paragraph of the petition, and the plaintiff offers to amend accordingly, the court should allow him to do so.

3. The plaintiff's allegation as to what he supposed was the character and effect of a certain transaction was relevant as showing that he had never assented to the transaction in a different sense, as the defendant claimed he had done, and was not objectionable as a conclusion of the pleader.

4. When, in a legal investigation, conversations out of the presence of the party sought to be charged constitute facts to explain conduct and ascertain motive, they are admitted in evidence, not as hearsay, but as original evidence.

5. Under the pleadings and the evidence, the plaintiff was entitled to recover as a matter of law, unless he had been paid. Whether he had been paid or not was a jury question, under the evidence. The court erred in granting a nonsuit.

DECIDED FEBRUARY 14, 1927.

Complaint; from Fulton superior court—Judge E. D. Thomas. January 14, 1926.

*W. C. Henson, James W. Austin, W. Paul Carpenter,* for plaintiff. *Smith, Hammond & Smith,* for defendant.

BELL, J. Davis brought suit in Fulton superior court against Farmers & Traders Bank, alleging that the bank was indebted to him in the sum of $5,500 on account of a deposit which he made in the bank, and which, according to his contentions, the bank had never repaid. The plaintiff in his petition alleged that when he demanded payment, the bank claimed that it had already paid him, and, anticipating that the suit would be answered by a plea of payment, proceeded to set forth facts to show the falsity of any such claim. To that end the petition averred that the bank, through its cashier, had conspired with one Grant and one Douglas, members of a notorious "bunco gang," to have the plaintiff come to the bank and get from its cashier certain money for delivery by him to Grant, or to Grant and Douglas, under circumstances which would lend color and plausibility to the subsequent claim of the bank that the plaintiff in so receiving the money was accepting payment of the amount which he had deposited and for

which the bank was indebted to him. The petition alleged that the defendant bank "conspired and connived with and aided and abetted said gang and the members thereof in all their swindling operations whenever the services of a bank became necessary to the furtherance of their fraudulent schemes, both in the attempt upon your petitioner and in cases of other victims by them defrauded. The petition also set forth the circumstances under which the plaintiff became acquainted with Grant and Douglas, and recounted in detail a succession of events in which they were the actors in drawing the plaintiff into the meshes of a scheme laid by them and their confederates to defraud him of his money, they having previously ascertained that the plaintiff had $5,500 on deposit in a bank in Indiana. Among such antecedent transactions was a proposal by them (Grant and Douglas) that the plaintiff bring his money to Atlanta and deposit it in a local bank, in order that the plaintiff, by the use of his credit "at said bank," might aid the other two in closing an important deal, to the great profit and advantage of the plaintiff and themselves. Accordingly Grant took the plaintiff and Douglas in a taxicab and drove them to the Farmers & Traders Bank and introduced the plaintiff to Mr. Carter, the bank's cashier. The plaintiff thereupon opened an account with the bank by delivering to it items on the bank in Indiana in the aggregate of $5,500. The petition proceeded next to set forth that in a few days Grant and Douglas induced the plaintiff to go with them to the bank for the purpose of obtaining money which the plaintiff understood to be money due or belonging to Grant, or Grant and Douglas, alleging the conversations that passed among the three of them as they approached the bank, and disclosing that the plaintiff was induced to enter the bank for the purpose of receiving money from the bank to be delivered to Grant and Douglas in a transaction solely between the bank and these two.

The defendant filed a general demurrer to the petition on the ground that it set forth no cause of action. This demurrer was overruled, and to the judgment overruling it no exception has been taken. The defendant filed and the court sustained a special demurrer to several paragraphs of the petition containing allegations as to transactions and conversations between the plaintiff and Grant and Douglas which occurred out of the presence of the bank or the bank's cashier, and which are described generally as above,

the grounds of the demurrer being that the allegations of each and all of these paragraphs were irrelevant and immaterial, that the bank was not liable for any fraudulent practices on the part of its cashier, the same being beyond the scope of his employment, and that there was no complicity or conspiracy charged against the bank which would justify such allegations as against it. Paragraph 37 of the petition alleged that the defendant's cashier took the plaintiff's deposit and gave him as evidence thereof a deposit slip for $5,500. The court sustained a demurrer to this paragraph which called for a copy of the deposit slip. The plaintiff, however, was given 10 days in which to amend. Paragraph 42 contained the allegation, "all of which the plaintiff supposed was in furtherance of an arrangement between Grant and the cashier for the giving of Grant's money to him." This allegation had reference to the delivery of money to the plaintiff by the cashier on the occasion when the plaintiff went into the bank and obtained money at the instance of Grant and Douglas, some days after the plaintiff had made his deposit. The court sustained a special demurrer to the averment just quoted, upon the ground "that said allegation embodies a conclusion of the pleader, unsupported by allegations of fact," and upon the further ground that the plaintiff's suppositions were irrelevant and immaterial. Paragraph 50 of the petition contained a count for the recovery of attorney's fees. This paragraph was demurred to as being generally insufficient, and the demurrer was sustained. At the trial of the case, which was more than 10 days after the judgment on the demurrers, the plaintiff offered an amendment setting forth a copy of the deposit slip. The plaintiff at the same time offered a further amendment, alleging a conspiracy between the bank and Grant and Douglas in relation only to the matter of inducing the plaintiff to become the medium of a transfer of money from the bank to Grant under circumstances affording a pretext for a claim that the bank thus had paid the plaintiff the amount of his deposit. The court refused to allow either of the above amendments.

The trial resulted in a nonsuit, and the plaintiff has brought the case to this court for review. The exceptions are to the judgment sustaining the special demurrers as stated above, to the refusal of the court to allow the amendments, to the judgment of nonsuit, and to a certain ruling upon the admission of evidence. The last-

mentioned ruling was to exclude the testimony of the plaintiff as to what was said by Grant to induce the plaintiff to go into the bank alone to receive the money which the bank claims was a payment to him and which he claims was intended by the bank to be delivered to Grant.

1. Counsel for both parties concede that the action is ex contractu. The plaintiff deposited money in the bank and is suing on the debt which was thereby created in his favor against the bank. The allegations with respect to conspiracy and fraud are made for the purpose of condemning as spurious the defense which the plaintiff anticipated the bank would make, namely that it had paid the plaintiff the amount of the deposit. The gist of the allegations with respect to the fraud and conspiracy is that, through a scheme to which the bank and Grant and Douglas were parties, the plaintiff, after making his deposit, was induced to enter the bank, and receive money intended by the bank to be delivered to Grant or to Grant and Douglas, under circumstances so planned and framed as to afford ground for the contention later to be made by the bank that the plaintiff in receiving such money was accepting payment of the deposit. The plaintiff had no specific money in the bank because of his deposit. The bank was merely his debtor, and if it delivered to him money when neither he nor the bank really intended that it should be accepted by him in payment of the amount due to him, but with the expectation on the part of the bank that he should deliver the money to Grant or to Grant and Douglas for the bank, the plaintiff was not paid and the bank continued to be his debtor. Civil Code (1910), § 4230; *Luthersville Banking Co.* v. *Hopkins,* 12 *Ga. App.* 488 (77 S. E. 589).

Although the plaintiff was not required to anticipate the defense, it was permissible for him to do so. *Chance* v. *Commercial Credit Co.,* 30 *Ga. App.* 543 (118 S. E. 465) ; 31 Cyc. 109.

The alleged conspiracy consisted of an agreement or understanding whereby the actors therein were to have the plaintiff placed in a situation and involved in circumstances such as would corroborate the bank's claim, subsequently to be made, that the plaintiff had received payment for his deposit. A conspiracy "may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances. The rule is to allow great latitude in setting out in the

complaint the particular act upon which the conspiracy is to be inferred, and even to allow individual acts of the conspirators to be averred." *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551). In the case just cited this court quoted approvingly from 1 Eddy on Combinations, § 368, as follows: "To show conspiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. And anyone, after a conspiracy is formed, who knows of its existence and purposes and joins therein, becomes as much a party thereto . . as if he had been an original member." The petition in the present case averred that the defendant bank "conspired and connived with and aided and abetted said gang and the members thereof in all their swindling operations whenever the services of a bank became necessary to the furtherance of their fraudulent schemes, both in the attempt upon your petitioner and in cases of other victims by them defrauded," and was well within the rule when it proceeded further to set forth the individual acts of the alleged conspirators, and to show how the plaintiff was thereby ensnared and held until ultimately victimized in the defendant's banking house. See, in this connection, 31 Cyc. 630, 634. The facts antecedent to the ultimate and main transaction were properly alleged as matters of inducement. We conclude that the court erred in sustaining the special demurrer attacking such allegations as being irrelevant and immaterial or otherwise improper. If we are correct in this conclusion, it logically follows that the court erred in refusing to allow the plaintiff's amendment, mentioned secondly in the above statement, and having further reference to the alleged conspiracy.

2. The court erred in refusing to allow the amendment whereby the plaintiff sought to set forth a copy of the deposit slip issued by the bank to him. Counsel for the defendant in error argue that since this amendment was not offered within ten days, the judgment sustaining the special demurrer to paragraph 37 of the peti-

tion because a copy of the deposit slip was not attached had the effect of foreclosing the plaintiff's right to amend at all in the manner indicated, and in support of this contention cite the case of *Babb* v. *Thomasville Live Stock Co.,* 17 *Ga. App.* 384 (87 S. E. 159). See also *Hinson* v. *Mutual Fertilizer Co.,* 19 *Ga. App.* 121 (91 S. E. 241); *Hall* v. *Mass. Protective Asso.,* 34 *Ga. App.* 39 (128 S. E. 218); *Marbut* v. *So. Ry. Co.,* 22 *Ga. App.* 330 (95 S. E. 1021), and cases cited. We cannot agree with this contention. It seems that the point would have been well taken if the proffered amendment had been germane only to paragraph 37, against which the demurrer was interposed. The amendment was offered, however, to paragraph 3, and was germane to that paragraph. This being true, and the amendment being otherwise proper, the court erred in not allowing it. See, in this connection, *Blackwell* v. *Ramsey-Brisben Stone Co.,* 126 *Ga.* 812 (3) (55 S. E. 968).

3. We think the court was also in error in sustaining the demurrer to paragraph 42 of the petition, the effect of which ruling was to strike an allegation that the plaintiff supposed a certain transaction was "in furtherance with an arrangement between the cashier and Grant for the giving of Grant's money to him." The assent of the parties is a necessary ingredient of a contract. Civil Code (1910), § 4230. The averment in question was relevant to show that the plaintiff had never accepted any money from the bank as payment to him by the bank on account of his deposit, and was not objectionable as a conclusion of the pleader. Intention, motive, purpose, or the like, may be alleged directly as a fact. *Barron G. Collier Inc.* v. *Bailey,* 31 *Ga. App.* 197 (120 S. E. 427).

4. The plaintiff offered to testify as to conversations between him on the one side and Grant and Douglas on the other, occurring immediately preceding his entering the bank on the occasion when he received from the cashier the money which he claims was delivered to him to be handed over to Grant or to Grant and Douglas in a transaction solely between them and the bank. This evidence was offered for the purpose of explaining the plaintiff's conduct in and his connection with the transaction, the specific object being to show that he was acting in the matter merely as a go-between or medium through which the bank transmitted funds to another or others, and that the money delivered to him at that time was

not in payment of his deposit. From what we have said in the first division we think it follows that the court should have allowed the plaintiff to testify to the conversations referred to. "When in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence." Civil Code (1910), § 5763. See also, in this connection, *Brown* v. *Mathews,* 79 *Ga.* 1 (4) (4 S. E. 13) ; *Moss* v. *Moss,* 147 *Ga.* 311 (3) (93 S. E. 875) ; *Slamps* v. *Newton County,* 8 *Ga. App.* 229 (9) (68 S. E. 653) ; *Fitzgerald* v. *State,* 10 *Ga. App.* 70 (4) (72 S. E. 541) ; *Roberts* v. *Allen,* 31 *Ga. App.* 660 (3) (122 S. E. 86).

5. In reviewing a judgment of nonsuit this court is not concerned with the question whether the petition set forth a cause of action. *Rountree* v. *Seaboard Air-Line Ry. Co.,* 31 *Ga. App.* 231 (120 S. E. 654). We have seen, however, that the court rendered a judgment overruling the general demurrer to the petition, and that no exceptions to that judgment have been taken, and thus that it has been adjudicated that the petition set forth a cause of action. Under the pleadings and the evidence, the plaintiff was entitled to recover, as a matter of law, unless he had been paid. Ordinarily the burden of proving payment rests upon the defendant. *Christian* v. *Bryant,* 102 *Ga.* 561 (1) (27 S. E. 666) ; *Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (5) (124 S. E. 72) ; *Justice* v. *Chattooga Oil Mill Co.,* 13 *Ga. App.* 389 (1) (79 S. E. 223). Whether this should be true where, as in the present case, the plaintiff in his petition anticipated the defense of payment and assumed to plead against it, we need not here determine. Without undertaking a discussion of the evidence, we think it was sufficient to authorize a finding in the plaintiff's favor. The jury could have inferred from all the circumstances that the bank had never paid the plaintiff the amount of his deposit. This, it seems, was the controlling issue of fact. The plaintiff's testimony told of certain circumstances relating to the conduct of the bank and its cashier and coinciding with such precision with the words and conduct of Grant and Douglas, even in their absence, as to authorize the inference that the conspiracy existed as claimed, and that what the defendant bank contended was a payment of the money to the plaintiff was a transaction wherein the bank, through the plaintiff, merely con-

veyed money to its alleged coconspirators. The court erred in not allowing the case to go to the jury upon this question.

6. Counsel for the plaintiff in error have not, in their brief or otherwise, made any sort of insistence that the court erred in striking the allegations made in the petition for the purpose of recovering attorney's fees; and the assignment of error on that judgment will be treated as abandoned.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*