20994. KEEN *v.* NATIONS.

DECIDED MAY 13, 1931.

*Mitchell & Mitchell,* for plaintiff.
*J. A. McFarland,* for defendant.

BLOODWORTH, J. Earl Keen brought an action for damages against Mizell Nations, and the defendant filed general and special demurrers. Upon a hearing of the demurrers the court passed the following order: "The complaints of defendant as contained in paragraphs 2, 3, 4, 5, 6, and 7 of the within demurrer, are sustained. Let plaintiff amend his petition by striking the same from his petition within ten days, else same *is dismissed.* It is the opinion of the court that reference to the insurance policy is prejudicial matter and immaterial, and should not be brought to the attention of the jury. Therefore plaintiff is required to so amend his petition as to expunge the same therefrom in 10 days by a new petition, else petition *is dismissed.*" (Italics ours.) This order was excepted to on the ground that it was contrary to law, and also on the ground that the "judge was without authority to dismiss plaintiff's petition upon special demurrer." Plaintiff in error by his exceptions treated the case as having been dismissed by the foregoing order.

In *Georgia Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 699 (105 S. E. 300), Chief Justice Fish said: "The grounds of demurrer to the petition were special; and if it were subject to them, the petition should have been dismissed unless cured by amendment. Civil

Code, § 5631." See Michie's Code (1926), § 5628; *Flint River &c. R. Co.* v. *Sanders,* 18 *Ga. App.* 766 (90 S. E. 655). In *Wrightsville & Tennille Railroad Co.* v. *Vaughan,* 9 *Ga. App.* 371 (2) (71 S. E. 691), this court said: "The plaintiff, to meet the special demurrer, may amend as a matter of course, or may, by order of court, be compelled to amend upon pain of dismissal for failure to do so." In *News Publishing Co.* v. *Lowe,* 8 *Ga. App.* 334 (69 S. E. 128), Judge Russell said: "We think the demurrer was only a special demurrer. . . Plainly, the motion to comply with the requirement of the Neel act (Civil Code [of 1895], § 4961), that the plaintiff's cause of action shall be set forth in distinct and orderly paragraphs, relates merely to a structural defect. Both of the defects pointed out by the demurrer were defects of form,—defects merely in the structure of the petition. The court had the right to require an amendment to be made in conformity with its judgment upon the demurrer, and to dismiss the action if the direction to amend was not obeyed." In *Atlantic Refining Co.* v. *Peerson,* 31 *Ga. App.* 281 (3) (120 S. E. 652), the trial court entered a judgment as follows: "that three grounds of the special demurrer to the petition be sustained, and that the petition *is dismissed* at plaintiff's cost unless plaintiff within four days from this date shall file an amendment curing the defects pointed out by said grounds of defendant's special demurrer." (Italics ours.) In discussing this order Judge Luke (p. 285) said: "If no amendment had been filed within four days to meet defendant's demurrer, the case would have automatically been dismissed. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670). If an amendment had been filed within four days but not allowed, the petition would have stood dismissed. *Johnson* v. *Vassar,* 143 *Ga.* 702." In *Clark* v. *Ganson,* supra, the Supreme Court held that "Under the former rulings of this court (*Blackwell* v. *Ramsey-Brisben Stone Co.,* 126 *Ga.* 812 (55 S. E. 968); *Lovelace* v. *Brown,* 126 *Ga.* 802 (55 S. E. 1041); *Waller* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096), where the order sustaining the demurrer allowed a definite time within which an amendment might be filed, and provided that if no such amendment was filed within the time allowed, 'the suit to stand dismissed,' if no amendment was filed the suit was automatically dismissed." See also *Speer* v. *Alexander,* 149 *Ga.* 767 (102 S. E. 150). Moreover, the petition was subject to the special demurrers.

Under the foregoing rulings the court properly dismissed the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*