WALLER & COMPANY INCORPORATED *v.* CLARKE.

On November 16, 1907, during the October term, which adjourned on
November 26, the court passed an order sustaining specified grounds of
a demurrer to a petition, and ordered "that the petition be dismissed,
unless the plaintiffs shall within 30 days amend to meet the grounds"
sustained, and no amendment was offered during such 30 days.   *Held:*

1. The fact that the 30 days expired during the December term of the
court, which began on the 2d day of December, 1907, did not make
such order a December term order, or require or permit the dismissal of
the case to be treated as having been made during the December term
of the court.

2. The court committed no error in refusing the plaintiff's application to
reopen the case and permit it to amend the petition during the Decem-
ber term after the expiration of the 30 days referred to in the order
of November 16, 1907.

3. Under the facts of this case, the order of November 16, 1907, was a
final order, and no exceptions pendente lite could be filed thereto.

Argued January 12,—Decided June 26, 1909.

Action for breach of contract.   Before Judge Charlton.   Chat-
ham superior court.   February 15, 1908.

*Alexander & Edwards,* for plaintiff.

*Edward S. Elliott,* for defendant.

HOLDEN, J.   The plaintiff brought an action for damages
against the defendant, and to the petition the defendant filed a
demurrer.   In ruling upon the demurrer, the court passed an order
on November 16, 1907, during the October term, sustaining speci-
fied grounds of the demurrer, and ordering that "the petition be
dismissed, unless the plaintiff shall within thirty days amend to
meet the grounds" sustained.   The October term adjourned on

the 26th of November. No amendment was offered by the plaintiff within the thirty days. On the 21st of December, 1907, during the December term, the plaintiff filed an amendment to the petition and its motion asking the allowance thereof. On the 14th of January, 1908, during the December term, the plaintiff had certified exceptions pendente lite, complaining of the ruling made in the order of November 16. On the 15th of February, 1908, during the December term, the court passed an order stating that "The application to reopen and be permitted to amend is declined." The plaintiff filed its bill of exceptions, which was certified on March 26, 1908, complaining that the court committed error in passing the order refusing "the application to reopen and be permitted to amend," and also in passing the order of November 16, 1907. This bill of exceptions specifies the exceptions pendente lite filed on January 14, 1908, as a part of the record, and recites that the December· term began on December 2, 1907, and did not adjourn within thirty days therefrom.

1. One of the contentions of the plaintiff is that the order of November 16, 1907, passed during the October term, carried the case into and left it pending during· the December term. Nothing was said in the order of November 16, 1907, passed at the October term, about the case being carried into another term, or giving the plaintiff the right to amend during any term. The thirty days given in that order within which the plaintiff might amend to prevent dismissal of its petition was liable to expire in vacation. The court could not definitely know when the order was passed that the December term would be in session at the expiration of the thirty days. The December term began on the 2d day of December, and, as far as the court then knew, might finally adjourn before the thirty days expired. The plaintiff had the right to offer the amendment at any time before the expiration of the thirty days, and hence could have offered it before the December term began, and could have thus prevented the order from operating at a time occurring during the December term. The plaintiff could also have repudiated the offer of the court to allow amendment, and could have treated the petition as dismissed, by refusing to amend and filing exceptions to the order before the December term began. The order said nothing about the plaintiff having the right to amend during the December term, or any other term, but simply

fixed a number of days within which the plaintiff could amend. This order can not be construed to be a December-term order, nor can the dismissal be construed as a dismissal during the December term simply because the thirty days happened to expire during the December term. Suppose the December term had adjourned before the thirty days expired, and a special term had been called and the thirty days happened to expire during the special term. The order of November 16, could not, under such facts, be said to be a special-term order, nor could the dismissal be said to be a special-term dismissal, because the thirty days happened to expire during the special term. In this connection, see *Morehead* v. *Allen,* 131 *Ga.* 807, 813-815 (63 S. E. 507). The order of November 16 overruled the first five grounds of the demurrer, and on November 26, the last day of the October term, the court passed an order revoking this ruling and providing that "The question of sustaining or overruling the said five grounds be and is hereby postponed until the coming in of the amendment of the plaintiff's petition, and their consideration shall be based on the petition as amended." No amendment was offered within the thirty days, and this order of November 26 did not in any way affect or modify the other provisions of the order of November 16 that "the petition be dismissed, unless the plaintiff shall within thirty days amend to meet the grounds" referred to in the order. After the expiration of the thirty days from the time the order of November 16 was passed, the plaintiff made a motion to reopen the case and be permitted to · amend the petition, during the December term of the court; and the motion was accordingly made at a term subsequent to the term at which the order was passed which had the effect of dismissing the case. The fact that the plaintiff made a motion to reinstate the case, and excepted to the court's refusal to do so, shows that the plaintiff considered and treated the case as having already been dismissed, and the fact that the court acted upon and refused such motion shows that the court so treated the case. The order of November 16, passed during the October term, can not be treated as an order of the December term simply because the thirty days therein referred to happened to expire during the December term. It nowhere appears that it was the intention of the court that such dismissal of the petition should be during the December term. Such dismissal of the case can not be treated as a December-

term dismissal. Treating the permission given in the October-
term order to amend within thirty days as serving to keep open
this term during this thirty days relatively to the right to amend
and move to reinstate the case or vacate the order, the motion to re-
instate, under this view, would not have been made during the Oc-
tober term, because it was not made until this thirty days expired.

2. If the motion to reopen this case had been made during
the term at which the dismissal was had, the granting of it would
have been in the discretion of the court. But it was not made at
that term. It was held in *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36
S. E. 807) : "A motion to reinstate a case, made after the expira-
tion of the term at which the order of dismissal was entered,
stands, as to excuses for delay, upon the same footing as an 'ex-
traordinary motion' for a new trial." It does not appear in the
present case that any sufficient excuses were offered by the plaintiff
for its failure to amend within the thirty days, so as to make it
the duty of the court to reopen the case and allow an amendment
after the expiration of such thirty days. No good reason, if any
at all, was shown why the case should have been reopened and
plaintiff allowed to amend. The court committed no error in re-
fusing to reopen the case and allow the plaintiff to amend.

3. When the order of November 16 was passed, that the peti-
tion be dismissed unless the plaintiff amended within thirty days,
the plaintiff ought to have accepted, or excepted, but it did neither.
It did not accept the terms of the order by offering an amendment
within thirty days, nor did it except by filing exceptions within
the time required. The order merely gave the plaintiff the privi-
lege to amend to prevent dismissal. If the plaintiff had submitted
to the order requiring an amendment and amended its petition to
conform thereto, it could not be heard thereafter to say that an
amendment was not necessary. *Glover* v. *Savannah &c. Ry. Co.,*
107 *Ga.* 34 (32 S. E. 876) ; *Atlantic Coast Line R. Co.* v. *Hart
Lumber Co.,* 2 *Ga. App.* 88 (58 S. E. 316). The plaintiff, in its ex-
ceptions pendente lite, did not except to anything that happened
during the December term of the court, but excepted to the order
of November 16, passed during the October term. Under the facts
of this case, this order was a final order, and no exceptions pendente
lite could be filed thereto. In *Harris* v. *Gano,* 117 *Ga.* 934, 936
(44 S. E. 11), it was said that "no judgment or decree, under our

system, can be said to be final until the time prescribed by law for setting aside the same by motion for a new trial or writ of error has expired." If, under the principle announced in this decision, a judgment sustaining a demurrer and dismissing a case is not final relatively to the right to file exceptions pendente lite until the time expires within which a motion to reinstate can be filed, it is a sufficient reply to say that no motion to reinstate was made during any term at which the case was dismissed. A judgment could not be said not to be final, relatively to the right to file exceptions pendente lite, until the time expires to file a motion to reinstate at a term other than the term of the final judgment, which would stand in a similar situation to that of an extraordinary motion for a new trial. The bill of exceptions bringing the case to this court was certified on the 26th of March, 1908. It does not appear when it was presented, but in it the order of February 15, 1908, refusing to reopen the case and allow the plaintiff to amend was assigned as error, and the bill of exceptions bringing the case to this court must have been presented after this date, which was too late to assign error on the order of November 16, 1907, passed during the October term, 1907, which adjourned on November 26, 1907. As hereinbefore stated, the court committed no error in its judgment refusing to reopen the case and allow the plaintiff to amend after the expiration of the thirty days provided for in the order of November 16, 1907; and such judgment is

*Affirmed. All the Justices concur.*