## CLARK *v.* GANSON.

HILL, J. A demurrer was filed to a petition generally, and also to certain paragraphs thereof. The presiding judge passed the following order: "The demurrer in the above-stated case as amended above is sustained as to the second ground thereof. The plaintiff is allowed ten days in which to amend by setting out chain of title to the land described. If no such amendment is filed within the time allowed, the suit to stand dismissed." Within ten days from the date of the order a paper called an amendment to the petition was filed in the clerk's office, but without any order allowing it or permitting it to be so filed. Later a motion was made to strike this purported amendment, and an additional demurrer was filed renewing the demurrer to the original petition, and, without waiving the motion to strike, demurring also to the amendment. The court overruled the motion to strike and also the demurrer. *Held:*

1. Under the former rulings of this court (*Blackwell* v. *Ramsey-Brisben Stone Co.,* 126 *Ga.* 812, 55 S. E. 968; *Lovelace* v. *Brown,* 126 *Ga.* 802, 55 S. E. 1041; *Waller* v. *Clarke,* 132 *Ga.* 830, 64 S. E. 1096), where the order sustaining the demurrer allowed a definite time within which an

amendment might be filed, and provided that if no such amendment was filed within the time allowed, "the suit to stand dismissed," if no amendment was filed the suit was automatically dismissed.

2. Under the decision in *Johnson* v. *Vassar*, 143 *Ga.* 702 (85 S. E. 833), the mere filing in the office of the clerk of the superior court of a paper called an amendment, but without any allowance by the judge or order permitting it to be filed, does not amount to amending the petition.

3. Accordingly, such a paper should have been stricken from the files on motion; and under the terms of the order which declared that the suit should stand dismissed unless an amendment should be filed, the court should have passed an order declaring the case dismissed and ordering it stricken from the docket.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and* ATKINSON, *J., dissenting.* In view of the language, "The plaintiff is allowed ten days in which to amend by setting out chain of title to the land described. If no such amendment is filed within the time allowed, the suit to stand dismissed," contained in the order sustaining the demurrer, the filing as an amendment to the petition of a paper setting out the plaintiff's claim of title was sufficient to retain the case in court and authorize the judge to consider the paper as an amendment. The order involved in the case of *Johnson* v. *Vassar* (supra) was substantially different from that involved in the present case.

JANUARY 13, 1916.

Complaint for land. Before Judge Bell. Fulton superior court. December 22, 1914.

*Holbrook & Corbett,* for plaintiff in error.

*J. A. Drake* and *Lamar Hill,* contra.