*Hall & Grice,* for plaintiff.

*R. G. Plunkett* and *P. F. Brock,* for defendants.

---

## ZIPPERER *v.* HELMLY *et al.*

1. Under proper construction of the order allowing the plaintiff thirty days in which to present to the court an amendment of his petition, it was within the power of the court, at the final hearing on demurrer to the petition, to allow an amendment which had been filed, within the thirty days so allowed, in the office of the clerk of the court where the case was pending, but had not been presented to the judge within the thirty days.

2. The written instrument relied on as a basis of the action was not open to the objections that it was too indefinite in description of the land referred to, and that it was lacking in mutuality and was unilateral and nudum pactum.

3. The allegations of the petition as amended were sufficient, with all necessary parties before the court, as a basis for application of the remedy of specific performance.

4. Waiver of tender of the agreed price and of a deed for execution was sufficiently alleged.

5. A cause of action was alleged.

Nos. 973, 974. OCTOBER 16, 1918.

Equitable petition. Before Judge Sheppard. Effingham superior court. April 15, 1918.

*J. Hartridge Smith* and *James K. Hines,* for plaintiff.

*Saussy & Saussy,* for defendants.

ATKINSON, J. K. I. Helmly and C. G. Zipperer executed an instrument which, omitting the signatures of the parties and the attesting clause, was as follows: "State of Georgia, Chatham County. This memorandum of agreement and contract for sale of land, made this the 24th day of August in the year one thousand nine hundred and seventeen (1917), between K. I. Helmnly and C. G. Zipperer, of the county of Effingham and State of Georgia,

witnesseth that the said K. I. Helmnly, for and in consideration of the sum of one dollar to him in hand paid at and before the signing of this agreement of sale, the receipt being hereby acknowledged, and other good and valuable considerations, does hereby contract and agree that in the event he, the said K. I. Helmnly, shall within the next thirty days buy from the heirs and owners a certain tract of land in the 9th G. M. District Effingham County, Georgia, known as the George Exley tract, containing 123 3/4 acres, more or less, bounded on the north by C. G. Zipperer, east by T. A. Hester and S. G. Zipperer, south by K. I. Helmnly, and west by K. I. Helmnly, will and hereby binds himself, his heirs and assigns, to sell and convey unto C. G. Zipperer, his heirs and assigns, at and for the price of seven hundred dollars ($700.00) all the northern part of said tract, beginning at a certain old ditch about half way on the east side of said tract, and running across said tract as far as said old ditch goes, and thence on in a straight line to the west side of said tract. It is further understood and agreed that if the said K. I. Helmnly shall buy said tract of land from the said heirs of said George Exley or from any one else and pay more than $2200.00, then the said C. G. Zipperer shall pay, in addition to the said $700.00, 7/22 of any sum paid over $2200.00 for said lands."

C. G. Zipperer instituted a suit against K. I. Helmnly and his wife, Leila M. Helmnly, declaring upon the writing just set forth, and alleging, among other things, that K. I. Helmnly bargained with the owners of the land for its purchase at $2500, and on the day following, August 29th, 1917, paid the agreed price and caused to be executed by the owners a deed to Leila M. Helmnly, who did not pay anything therefor (a copy of this deed being attached); and that K. I. Helmnly fraudulently caused the deed to be made to his wife to avoid his contract with petitioner, and Leila M. Helmnly acquired no substantial interest in the land, but is holding it as trustee for K. I. Helmnly, and should be required to convey to petitioner the part of the land that her husband contracted to sell upon petitioner paying the agreed price. It was prayed, that defendants be required to specifically perform the contract upon petitioner's paying the agreed price, that defendants be required to deliver possession to petitioner, and that the court grant such other relief as the nature of the case requires. The defend-

31

ants filed demurrers upon substantially the following grounds: (1) The petition fails to set forth a cause of action. (2) The description of the land contained in the alleged contract of sale is too indefinite to be the basis of a suit for specific performance. (3) The agreement is lacking in mutuality, is unilateral, nudum pactum, and void. (4) The petition fails to allege preparation of the deed by the plaintiff and presentation of the same to the defendant for execution prior to the institution of the action, and fails to allege tender of the alleged purchase-money.

· The trial judge, upon considering the petition and demurrer, on December 1, 1917, at chambers in a county other than that in which the suit was pending, passed the following order: "The hearing on demurrer in the above-stated case coming on for hearing this day, it is ordered by the court that the plaintiff have thirty days from this date in which to present to the court an amendment to said petition, as to tender, and further argument had, and if not presented the case stands dismissed." On December 27, 1917, the plaintiff filed an amendment in the court where the suit was pending, without presenting it to the judge. On April 15, 1918, the plaintiff filed another amendment. The amendments alleged in substance, that before the filing of the suit the plaintiff had informed K. I. Helmnly that he was ready, willing, and able to pay the agreed purchase-price and would have a deed drawn and would pay him the price, and demanded that K. I. Helmnly should cause his wife to make a deed to the plaintiff, and was then informed by K. I. Helmnly that plaintiff need not tender the money or deed, as he would refuse to accept the money and would refuse to cause his wife to execute the deed. The amendments were not presented to the judge for allowance within the time specified in the chambers order, but were formally allowed at the final hearing, April 15, 1918, over objection that they came too late. The petition as amended was dismissed on general demurrer, and the plaintiff excepted. The defendants filed a cross-bill of exceptions, assigning error upon the allowance of the amendments.

1. Properly construed, the order of court allowing time in which to amend did not purport to dismiss the petition; and it was within the power of the court, at the final hearing of the case on demurrer, to allow the amendment. Civil Code, § 6581. The order is materially different from those involved in the case of

*Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670), and in the cases cited in the first division of the opinion in that case.

2. The descriptive averments in the writing relied upon as a basis for the action were sufficient to enable the parties to locate the boundaries of the land. Upon a proper construction the paper was one of contract of purchase and sale upon a valuable consideration, and purported to bind both parties. It did not appear to be void for any reason assigned in the demurrer.

3. By the allegations of the petition the wife was a mere volunteer in whom the husband had caused legal title to be taken to avoid the operation of the contract, and the husband was the real owner. In such circumstances, with all the parties before the court, equity would afford a remedy by decreeing specific performance. *Pearson* v. *Courson,* 129 *Ga.* 656 (2), 658 (59 S. E. 907). See also *Bryant* v. *Booze,* 55 *Ga.* 438; *Brown* v. *Crane,* 47 *Ga.* 483.

4. The allegations were sufficient to allege a waiver by the husband of the necessity of the plaintiff tendering the agreed price and a deed for execution by the wife.

5. The petition as amended alleged a cause of action, and the judgment of dismissal was erroneous.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*