## GEORGIA RAILWAY AND POWER COMPANY *v.* KELLY.

A demurrer to a petition, on special grounds, was filed in the superior court, upon which the judge, on February 4, 1919, passed the following order: "This demurrer is, upon consideration thereof, sustained, with leave granted to plaintiff to amend on or by the 1st of March, 1919." *Held*, that the bill of exceptions sued out on February 10 thereafter, assigning error upon such order, was premature, and the Court of Appeals was without jurisdiction on such writ of error to decide upon the merits of the demurrer.

No. 1781.   DECEMBER 14, 1920.

Certiorari; from Court of Appeals. 24 *Ga. App.* 439.

Mrs. M. Kelly filed a suit in the superior court, for damages from personal injuries, against the Georgia Railway and Power Company and the American Railway Express Company as joint tort-feasors. The Georgia Railway and Power Company filed a demurrer to the petition, on the grounds of misjoinder of defendants, misjoinder of actions, and because the petition failed to itemize the drug bills and the doctor's bill alleged to have been incurred. On February 4, 1919, the judge passed the following order on the demurrer: "This demurrer is, upon consideration thereof, sustained, with leave granted to plaintiff to amend on or by the 1st of March 1919." On February 10, 1919, the plaintiff sued out a bill of exceptions to the Court of Appeals, wherein it was stated: "Plaintiff excepted to said judgment, and now excepts and assigns the same as error, and says that the court erred in sustaining said demurrer on each and every ground set out in the demurrer, and says that said judgment is contrary to law." The bill of exceptions was filed in the office of the clerk of the Court of Appeals on February 18, 1919. On February 28, 1919, the plaintiff, in response to the judgment on the demurrer, offered an amendment to her petition, which on that date was allowed by the court and ordered filed, subject to de-

murrer. In advance of the hearing of the case in the Court of Appeals the Georgia Railway and Power Company filed in that court a motion to dismiss the bill of exceptions, on the ground that it was premature, because the judgment on the demurrer upon which error was assigned was not a final judgment, and that the case was still pending in the trial court. The Court of Appeals overruled the motion to dismiss, holding that the judgment complained of was a final judgment passed on the demurrer, and reversed the judgment sustaining it. .

*Colquitt & Conyers,* for plaintiff in error.

*Lowndes Calhoun,* contra.

FISH, C. J. (After stating the foregoing facts.) The grounds of demurrer to the petition were special; and if it were subject to them, the petition should have been dismissed unless cured by amendment. Civil Code, § 5631. If the judgment of the trial court on the demurrer was not in effect a dismissal of the petition, such judgment was not a final disposition of the case in the trial court, but left it pending there, and the writ of error to the Court of Appeals was premature, and that court was without jurisdiction to entertain the case. ·Civil Code, § 6138. The judgment of the trial court on the demurrer did not in terms dismiss the petition, nor do we think that the language of that judgment can be properly construed as dismissing the petition. If the effect of that judgment could be construed as dismissing the petition, then the case was no longer pending in the trial court, and therefore the petition could not have been there amended. It would be inconsistent to sustain a demurrer to a petition and dismiss it, and in the same order grant leave to the plaintiff to amend the petition. See *Steed* v. *Savage,* 121 *Ga.* 84 (48 S. E. 689). The true meaning of the judgment of the trial court on the demurrer is, that the demurrer is sustained with leave to the plaintiff to amend on or before the first of March, 1919, after which time the leave to amend will expire. and the petition will be dismissed. The plaintiff could not, by suing out a writ of error before the expiration of the time allowed for amendment, change the interlocutory character of the order into a final judgment, since the character of the order was fixed as interlocutory by the court. Some of the language used by way of argument in *Waller* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096), may be in con-

flict with the views we express here, but it is not controlling. The order in the case at bar is patently different from orders sustaining demurrers to petitions, with leave to amend. within a stated period, and, "unless plaintiff amends as allowed within the time specified, the petition of plaintiff will stand dismissed." See *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander*, 149 *Ga.* 765 (102 S. E. 150).

The case being before this court on certiorari to the Court of Appeals, the judgment of that court, overruling the motion to dismiss the bill of exceptions, is held to be error.

*Judgment reversed. All the Justices concur.*