## DAVIS *v.* BISHOP BROTHERS *et al.*

Where A bought timber on a described tract of land and B advanced the money, or a part of it, for the same, and it was recognized by A that B had an "interest" in the property, and A having died his administrator sold the property at administrator's sale after order duly obtained and advertisement duly made, and stated at the sale that the property was sold subject to B's claim for $730, and that the purchaser would have to assume this debt and pay B the amount of his claim, and a purchase was made by one bidding at the sale who understood that he acquired the property subject to the demand of B, B could enforce his claim against him by suit for the amount of his demand.

No. 3976. APRIL 18, 1924.

Equitable petition. Before Judge Tarver. Murray superior court. August 1, 1923.

*F. K. McCutchen,* for plaintiff.

*W. E. & W. Gordon Mann,* for defendants.

BECK, P. J. W. R. Davis filed an equitable petition against Bishop Brothers (a partnership composed of Jim Bishop and Henry Bishop) and J. M. Gallman, administrator of the estate of W. N. Gallman, deceased, seeking to recover from Bishop Brothers the sum of $730, besides interest, alleged to be due him by them on an implied contract as of the first Tuesday in August, 1921;

and praying in addition injunctive relief against Bishop Brothers. By amendment J. M. Gallman, administrator as aforesaid, was stricken as a party defendant. The original petition contained a prayer for injunction, etc. This was also stricken. By amendment the details of the original purchase of a tract of timber by J. A. Bishop, V. W. Bishop, and W. R. Davis were set out, as well as the subsequent purchase by V. W. Bishop of all interest of J. A. Bishop; and R. L. Jones, administrator of the estate of V. W. Bishop, deceased, was made a party defendant. Bishop Brothers filed demurrers, general and special, to the original petition; and the special grounds thereof were sustained by the court, and ten days were allowed for amendments to be filed. After amendments to the petition were allowed as of July 30 and August, 11, 1923, the defendants Bishop Brothers again demurred. The demurrers were sustained, and the petition was dismissed. To this ruling the plaintiff excepted.

The petition in this case shows that on September 27, 1920, W. N. Gallman, deceased, purchased from J. W. Phillips certain timber, consisting of all the timber above a certain measurement on a described tract of land, the vendor executing a deed of conveyance to the same; a copy of the deed being attached to the original petition as an exhibit, but apparently unsigned. The grantees therein named were to have until January 21, 1923, in which to cut and remove the timber. On January 10, 1920, Gallman transferred and assigned the contract and all of his right, title, and interest to J. A. and V. W. Bishop, a firm doing business under the name of Bishop Brothers, and W. R. Davis; "the only monetary consideration for said transfer and assignment being the sum of $730, which was paid by the said W. R. Davis." But in making the assignment of the contract the vendor failed to include the name of W. R. Davis therein, petitioner being ignorant of the omission of his name; but J. A. and V. W. Bishop had endorsed thereon the following words: "This is now the property of J. A. and V. W. Bishop and W. R. Davis." The deed referred to is in the possession of one of the defendants. Petitioner is advised and believes that the interest of J. A. Bishop was transferred to V. W. Bishop, although no such assignment was made in writing, so far as petitioner knows. V. W. Bishop died on December 15, 1920, and R. L. Jones was appointed and qualified as administrator upon his estate. On the

first Tuesday in August, 1921, after procuring an order for the sale of the timber conveyed by the deed above referred to, Jones, administrator, after due advertisement, offered the same for sale before the court-house door in Dalton, Georgia. At the time and place of sale the attorney of petitioner made an announcement of petitioner's interest in the timber, and stated that the sale by the administrator must be subject to the rights of W. R. Davis; and Jones, the administrator, stated that he would sell the contract for the timber on said land subject to the rights of W. R. Davis, and that "the purchaser of said timber must assume and pay to the said W. R. Davis the sum of $730 and interest, the same representing the said Davis's interest therein; and said sale was conducted under said announcement and said terms and conditions." The purchasers understood that they were purchasing the timber subject to the debt of Davis, and that they were to pay the debt of $730 with interest. Jim Bishop and Henry Bishop afterwards acknowledged and admitted that they would pay the same as soon as the timber could be cut and manufactured into lumber. It is alleged that they have now cut all the timber and marketed a large part thereof, and are seeking to retain all the proceeds without settling with petitioner in any manner for his interest in the timber. Petitioner further set out a description of the timber that had been cut from the land in question, amounting in value to a large sum. The prayers are, that petitioner recover of Jim and Henry Bishop the sum of $730, with interest; and that if it should be held that petitioner can recover from the defendants, then that an accounting be had from them for the full amount of petitioner's interest in the lumber and the proceeds of the sale.

This petition was demurred to generally and specially. The special demurrers were: "Because the exhibit attached and referred to in paragraph one of the petition [the deed from Phillips] shows no right in plaintiff as set up in the said paragraph. Because the petition is duplicitous, in that it fails to show whether the plaintiff is seeking to recover the $730 or a certain interest in the lumber referred to in the petition; if the latter, whether he was a partner or joint owner, or simply advanced certain money to V. W. and J. A. Bishop." Petitioner amended by showing that the original deed from Phillips was signed by him, but that he did not know the name of the witnesses to the deed; and by alleging that "the

$730 was paid by petitioner to W. N. Gallman, from whom the timber was bought by J. A. and V. W. Bishop and your petitioner." Further, that "the endorsement upon said original contract, referred to in the original petition, was signed by J. A. Bishop for the partnership known as Bishop Brothers, composed of J. A. and V. W. Bishop." Further, that after the cutting of the timber by the defendants petitioner demanded from them payment of the amount due him, to wit, $730, with interest from January 10, 1920, and they refused to pay said sum. This amendment was filed and allowed within the ten days allowed by the original order sustaining the special demurrers. In another amendment filed and allowed on August 11, 1923, it was alleged: "When the lumber was sold the proceeds would first have gone to the payment of the Brown debt, and next to the payment of the interest of your petitioner, or petitioner's rights would have been protected in some other manner; but on account of the trouble and subsequent death of V. W. Bishop they never began operations. Your petitioner's interest was always recognized as of the value of the amount of money he put into the property, to wit: $730, besides interest from the time of purchase. Such interest was also recognized by R. L. Jones, administrator of the estate of V. W. Bishop. V. W. Bishop had purchased the interest of J. A. Bishop before his death; and R. L. Jones, administrator as aforesaid, sold the property, as alleged in the original petition, under the announcement and understanding of all bidders and the purchasers that the purchasers were to pay to petitioner the sum of $730 and interest thereon, for which amount petitioner herein sues."

The court properly allowed both of these amendments. The first was filed July 30, before the time as limited in the order sustaining the special demurrers had expired. In part it met the criticism of the special demurrers. And then, after the expiration of the time limit, to wit, August 11, another amendment was filed by petitioner, which completely cured the defects pointed out in the special demurrers. It will be noticed that in the order sustaining the special demurrers it is not adjudicated that the petition "is dismissed" or "will be dismissed" in case the defects are not cured by amendment filed in ten days, but merely that the special demurrers "are sustained unless the criticisms in the special demurrers are met by amendment within ten days." And we are of the

opinion that where these defects were in part cured by an amendment filed within ten days, an amendment filed and allowed after the expiration of the ten days, which completely cured the defects, was properly allowed. In this connection see the case of *Zipperer* v. *Helmnly,* 148 *Ga.* 480 (97 S. E. 74).

The amendments having been allowed, the petition as amended shows a cause of action in the plaintiff, which, if sustained by proof, would entitle him to the amount sought to be recovered. It may be true that the interest which petitioner claims was indefinite under the original petition; but considering the amendments in connection with the original petition, it appeared that petitioner advanced the sum of $730 with which the purchase of the timber was made by Bishop Brothers (J. A. and V. W. Bishop) ; that they recognized that he had an "interest therein;" and their recognition of it was especially shown by the endorsement on the transfer of the deed from Gallman. It may be true that if suit had been brought by this petitioner against the purchasers from Gallman, the petitioner would have been required to more clearly define his interest in the property, and to show by proper allegations whether he claimed as a partner or joint owner or as a creditor who had loaned money with which to make the purchase. But when the administrator of V. W. Bishop offered the property for sale, and, upon a claim being made by Davis to an interest therein, the administrator stated that the property was being sold subject to the claim of Davis for $730 with interest, and the defendants bought the property with the understanding that it was sold subject to Davis's claim of $730, and that they would have to pay him that amount, then, relatively to these defendants, Davis's "interest" was clear and well defined. The purchasers under those conditions, acquiring the property with knowledge that they would have to pay Davis's demand for $730, were debtors to that amount. And when it was agreed between them that this would be paid when they cut the timber and manufactured it into lumber, Davis had a claim against the defendants on which he could sue upon the happening of the contingency referred to; and there is no doubt about his rights in the premises. His claim is inartificially stated in this petition; nevertheless it distinctly appears, and is a claim that can

be and should be enforced by a court if sustained by proof, and the case should not have been dismissed on demurrer.

*Judgment reversed. All the Justices concur.*