### 16855. SMITH *v.* BUGG, receiver.

1. Irrespective of whether the original petition was duplicitous, as urged by the demurrer, the plaintiff, having submitted to the adverse ruling on the demurrer, by seeking to amend her petition so as to conform to that ruling, will not be heard to complain that the ruling was erroneous and that the amendment which she chose to offer was in fact unnecessary. *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617). And this is true although she may have excepted to the ruling. "Where a plaintiff is not satisfied with such a ruling, he should stand upon his petition as drawn, refuse to amend, and allow his case to be dismissed, and except to that judgment." *Collins* v. *Myers,* 28 *Ga. App.* 457 (111 S. E. 686). The first ground of exception is therefore without merit.

---

Pleading, 31 Cyc. p. 271, n. 13; p. 351, n. 36 New; p. 358, n. 2; p. 465, n. 20; p. 745, n. 20; p. 749, n. 33.

2. Where a petition was heard on demurrer, and the court passed an order the legal and reasonable purport of which was not to dismiss the petition, but declaring that it would be dismissed unless amended within a given time in response to the demurrer, this conditional order could not operate as a final judgment of dismissal, but upon the filing of an amendment within the time allowed and in response to the order, and upon objection thereto, the merits of the petition as amended were opened up for a fresh adjudication, and it became the duty of the court thus retaining jurisdiction of the case to entertain and allow any proper amendment to the petition, offered at the final hearing and before the case became actually dismissed.

DECIDED APRIL 20, 1926.

Action for damages; from Talbot superior court—Judge McLaughlin. September 14, 1925.

A special demurrer to a petition, on the ground of duplicity, was sustained by the judge, who passed an order sustaining the demurrer and providing that "the plaintiff is hereby given five days from the date of this order to amend and elect upon which allegations right of action is sought; otherwise and in the event of the failure of plaintiff to amend and elect, it is ordered that said petition be dismissed." No exceptions pendente lite were taken; but on the contrary, within the time allowed, the plaintiff filed an amendment, which was allowed subject to demurrer, seeking but failing to conform to the adverse ruling of the court on the demurrer, and offering and praying leave to amend further in the event the court should determine that the objection urged had not been met. In this amendment the plaintiff sought to reserve the right to except to the order requiring the amendment. On the final hearing and after the expiration of the five days allowed, the defendant filed a motion to dismiss the petition as amended, as failing to conform to the previous ruling, and renewed his demurrer to the petition as amended. Upon this hearing the plaintiff, on leave granted by the court, prepared and submitted an additional amendment completely curing the defect pointed out by the demurrers. Upon objection of the defendant this amendment was disallowed, and the petition as originally amended was dismissed on the defendant's motion on the ground that the plaintiff had failed to comply with the original order of the court. The defendant excepts to the order passed on the original demurrer, requiring her to amend, to the disallowance of her final amendment, and to the order dismissing the petition.

*J. A. Smith, N. F. Culpepper, R. A. McGraw,* for plaintiff.

*Lovejoy & Mayer, A. P. Persons, Brandon & Hynds,* for defendant:

JENKINS, P. J.   Section 5681 of the Civil Code (1910) provides that "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may *at any stage of the cause,* as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by."   The essential purpose and function of a special demurrer is to compel amendment. The sustaining of a special demurrer does not, ipso facto, work a dismissal of a petition, even though no amendment is offered. *News Publishing Co.* v. *Lowe,* 8 *Ga. App.* 333 (69 S. E. 128).   The rule appears to be different as to the effect of sustaining a general demurrer.   *Wells* v. *Butler's Builders' Supply Co.,* 128 *Ga.* 37 (57 S. E. 55) ; *Speer* v. *Alexander,* 149 *Ga.* 765, 767 (102 S. E. 150). What the sustaining of a special demurrer, acquiesced in or not excepted to, does finally adjudicate is that the petition as it stands is defective and must be amended, and, when time is allowed, that it must be amended within that time.   *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332).   Upon these questions it is a final adjudication, irrespective of whether the demurrer was properly sustained or not.   If in response to an adverse ruling on a special demurrer the plaintiff fails to amend, the effect of the ruling on the demurrer is to eliminate the portion of the petition held bad under the demurrer.   *White* v. *Little,* 139 *Ga.* 522 (3) (77 S. E. 646) ; *Blackwell* v. *Ramsey-Brisben Stone Co.,* 126 *Ga.* 812 (1) (55 S. E. 968) ; *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116). Such a result may, however, sometimes render the petition subject to dismissal. In order to avoid such a consequence from the sustaining of a special demurrer, the pleader is required to amend instanter, unless the judge should "allow a reasonable time in his discretion for making and filing such amendment."   Civil Code (1910), § 5628.   It seems clear that where the order sustaining a special demurrer does not in fact and in terms dismiss the petition, it is not a final disposition of the case, even though it in effect declares that it will be dismissed if the defect pointed out be not cured by amendment within a specified time.   This is true because "if the effect of that judgment could be construed as dismissing the

petition, then the case was no longer pending in the trial court, and therefore the petition could not have been there amended. It would be inconsistent to sustain a demurrer to a petition and dismiss it, and in the same order grant leave to the plaintiff to amend the petition." *Georgia Ry. &c. Co.* v. *Kelly,* 150 *Ga.* 698, 699 (105 S. E. 300) ; and see *Steed* v. *Savage,* 121 *Ga.* 84 (48 S. E. 689). Such an order could not possibly adjudicate the merits of the amendment which it provides may thereafter be offered; and consequently the subsequent filing of such an amendment "opens the merits of the whole pleading to a new adjudication, and a conditional order of dismissal made on the hearing of a previous demurrer to the original petition concludes nothing." *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136) ; *Steed* v. *Savage,* supra.

The decisions, however, seem to recognize another class of orders, where, in sustaining the demurrer, it is sought to dismiss the petition in præsenti and yet at the same time grant an extension of time within which the defect can be cured by amendment. Under the reasoning quoted from the *Kelly* case (150 *Ga.* 698, 699, 105 S. E. 300), such an order would seem itself to be duplicitous, since how could a court be left to entertain a future amendment when jurisdiction of the case had been lost? If such a duplex order of dismissal is final at all, its finality relates from the date of its rendition. *Waller* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096). But could it have been final when it did not necessarily finally dispose of the case? The only theory that might possibly seem to reconcile the inconsistency of an order which purports to be both final and conditional is formulated in the older case of *Pratt* v. *Gibson,* 96 *Ga.* 807 (23 S. E. 839), which treats the order of dismissal as final, but coupled with the right on the part of the plaintiff to bring about a reinstatement of the case by complying with the terms and conditions imposed. In such a case, at least on general demurrer, the only question involved in the final hearing is whether the proffered amendment met the original demurrer. *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150). Under such an unexcepted-to order of actual dismissal, coupled with a grant of time in which to amend, both the Supreme Court and this court have held that a failure to amend within the time specified operates automatically to dismiss the case. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670) ; *Atlantic Re-*

*fining Co.* v. *Peerson,* 31 *Ga. App.* 281 (120 S. E. 652). It will be observed, however, that in the *Peerson* case, supra, which dealt with an order actually dismissing the case, the court said: "In our opinion, the motion to dismiss partook so much of the nature of a demurrer that when the judge, on the hearing of that motion, adjudged that the amendment did not cure the defective allegation in the petition, the court could have given plaintiff an opportunity to cure such allegation by further amendment; and had it been perfected, the court could have then properly overruled the motion to dismiss." We think that if on the subsequent date of hearing the court *could* have permitted an additional amendment in order to cure the deficiency of the one filed and allowed within the time specified, it not only could, but *should,* have done so. We conceive the pleader's privilege to amend to exist as a matter of right, under the Civil Code (1910), § 5681; and it is only limited by the court's jurisdiction of the cause. Of course, if the plaintiff should wholly fail to avail himself of the right to amend within the time of indulgence granted, the case would either stand automatically dismissed or would thereupon have to be dismissed according to the language used in the order, which, being unexcepted to, has become the law of the case. In the one instance the court would have automatically lost jurisdiction, in the other it would retain jurisdiction only to execute the law of the case as prescribed by the terms of the order. But it would seem that where an amendment is actually offered and allowed subject to objection within the time prescribed, the case stands precisely as it stood when the original demurrer was entertained. If at that time the court had simply sustained the demurrer and by its order dismissed the case subject to amendment, without granting an extension of time therefor, it does not seem that the court would have lost its jurisdiction if the plaintiff had thereupon offered an imperfect amendment. Surely the court could have permitted an additional amendment. The only purpose and effect of the last clause of section 5628 is to permit the extension of time in which to amend without prejudice to the pleader. At the expiration of that time he stands exactly as he would have stood at the time the demurrer was heard, if no new extension had been granted.

But whatever may be the correct answer to the questions touched

upon in the preceding paragraph, we do not think the present case is one in which the original order on the demurrer should be construed as final in the sense that it purported to actually dismiss the case. The Supreme Court ruled in the case of *Davis* v. *Bishop*, 158 *Ga.* 66, 70 (122 S. E. 555), in which the order merely sustained the demurrer and limited the time in which the plaintiff could amend the petition, that "where the defects were in part cured by an amendment filed within ten days, an amendment filed and allowed after the expiration of the ten days, which completely cured the defects, was properly allowed." While the decision expressly failed to embrace in its ruling the contingency in which the order provides that the petition is or will be dismissed, we think that in principle the holding must logically be extended so as to embrace a case where the order does in fact so provide. If, under the law of the case as embodied in the order, the petition could be amended only within a prescribed time, the jurisdiction of the court to entertain amendments is (as held in the *Davis* case, supra) carried beyond that time by reason of the filing, within the period prescribed, of an imperfect amendment, and it seems to follow that the jurisdiction would be likewise preserved by a timely but imperfect amendment, as against the law of the case that the petition would be dismissed if not amended within the time stated. In the *Davis* case the court cites the decision in *Zipperer* v. *Helmnly*, 148 *Ga.* 480 (97 S. E. 74), which goes even further in holding that where the true purport of the order is not to dismiss, it is within the power of the court, at the final hearing of the case on demurrer and after the expiration of the period allowed by the order, to allow an amendment, even though the amendment filed within the time specified has never been previously allowed. Under authority of the decision in the *Zipperer* case especially, it seems only necessary to determine in the instant case whether the original order entered on the demurrer should be construed as dismissing the petition. Upon that question we think the ruling in the *Zipperer* case is itself absolutely controlling. The order in the instant case sustained the demurrer as to duplicity and provided as follows: "However, it is considered, ordered, and adjudged that the plaintiff is hereby given five days from the date of this order to amend and elect upon which allegations right of action *is* sought; otherwise and in the event of the failure of plaintiff to

amend and elect, it is ordered that said petition be dismissed." It does not provide that in event of such failure the petition be "hereby" dismissed, or "is" dismissed (as in *Atlantic Refining Co.* v. *Peerson,* supra), or "stands" dismissed (as in *Clark* v. *Ganson,* supra, *Speer* v. *Alexander,* supra, and see *Georgia Ry. &c. Co.* v. *Kelly,* supra). The element of futurity in the process of dismissal is clearly indicated. In the *Zipperer* case the order appears to have gone much further towards actual dismissal than in the instant case, since in that case, after providing for the amendment within a time stated, it declared: "and if not presented the case stands dismissed." In that case the court said: "Properly construed, the order of court allowing time in which to amend did not purport to dismiss the petition." In *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (1) (78 S. E. 902), the court held: "Where a demurrer to a petition was filed, and on the hearing the court made an order sustaining all the grounds of the demurrer except three, and directing that the case be dismissed unless the plaintiff would, within five days, offer an amendment to meet the grounds of demurrer which were sustained, and within the time allowed the plaintiff did amend the petition to meet the grounds of demurrer, which amended petition was likewise demurred to, and the court on hearing the second demurrer overruled the same, except two grounds which were sustained, the original order of the court is to be treated as a conditional and not an absolute and final judgment, as it did not actually dispose of the case." In *Folsom* v. *Howell,* supra, it appeared that the order provided that the petition "be dismissed," unless, etc., and yet it was held to be a conditional order only, "not dismissing the petition, but declaring that it would be dismissed unless amended within a given time." It is true that in *Waller* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096), the order provided "that the petition be dismissed, unless the plaintiff shall within thirty days amend to meet the grounds," and that it was treated by the court as a final order of dismissal; but in the opinion attention is called to the fact that the plaintiff himself, by moving to reinstate, "considered and treated" the case as having already been dismissed. In the instant case it would seem that not only did the plaintiff refuse to treat the case as having been originally dismissed, but that the defendant itself treated it otherwise by moving, at the final hearing, to

dismiss. Moreover, the decision in the *Waller* case is expressly criticised by the Supreme Court in the *Kelly* case.

We have given to the question discussed in the opinion extended consideration, and we can very well see how the learned trial judge, after granting the plaintiff an opportunity to submit an additional amendment on the final hearing, ultimately reached the conclusion that, under the terms of the previous order, it had come too late. There have been intimations made by this court which might be taken as tending to such a conclusion. The case of *Marbut* v. *Southern Ry. Co.,* 22 *Ga. App.* 330 (95 S. E. 1021), is especially relied upon by the defendant in error. It seems, however, that in that case no amendment whatever was filed within the time allowed, relative to the ground of demurrer upon which the case was finally dismissed; and, therefore, the case is essentially different from the instant one, where the plaintiff, by timely amendment, did in fact undertake to remedy the very defect which ultimately occasioned the final order of dismissal. In the *Marbut* case the first time the plaintiff ever in any way sought to conform to the terms of the order under the original demurrer, in so far as the controlling defect was concerned, was after the time allowed for doing so had expired. In the case of *Hinson* v. *Mutual Fertilizer Co.,* 19 *Ga. App.* 121 (91 S. E. 241), it does not appear that the plaintiff ever at any time offered any additional amendment to meet the defect which the first timely amendment undertook but failed to cure. The intimation which might follow from the statement in *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332), that no further amendment was offered within the time allowed, is more difficult to reconcile with the conclusion here arrived at. While the statement in the *Baker* case is quoted in *Thomas* v. *Georgia Ry. &c. Co.,* 23 *Ga. App.* 428 (98 S. E. 360), there is nothing stated in the latter case that even intimates that a subsequent additional amendment was submitted. The same is true in *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150) ; and it will be also recalled that the original order on the demurrer in that case was dealt with as not only sustaining the demurrer and limiting the time for amendment, but as containing a provision actually dismissing the petition in præsenti, in case it should not be amended as then provided. In these respects the *Speer* case differs radically from the

instant case, and while we have, in one paragraph of the opinion, incidentally discussed the effect of such an order, we do not think that any such question is actually involved under the record here considered.

*Judgment reversed. Stephens, J., concurs. Bell, J., disqualified.*