BLYTH *et al. v.* WHITE; *et vice versa.*

ATKINSON, J. An order sustaining special demurrers to a petition recited that no ruling was made on the general demurrer, and granted leave to amend within thirty days "to meet all the demurrers sustained." *Held:*

1. Such an order does not purport to dismiss the entire action and end jurisdiction of the case unless the petition is amended, but its effect is to retain jurisdiction of the case, and grant time in which to amend.

2. The character of the order being as indicated in the preceding note, such order can be amended within the period of the extended time at a subsequent term of the court by an order granting additional time within which to amend. An amendment to the petition, allowed and filed pursuant to the last order and within the period of extension granted in that order, was not subject to dismissal on the ground that it was presented too late and at a term of court other than that in which the original order sustaining the demurrer was passed, or that it was made pursuant to an order which was invalid. In this connection see Civil Code, §§ 5628, 5681; *Dudley* v. *Mallery*, 4 *Ga.* 52; *Lovelace* v. *Browne*, 126 *Ga.* 802 (55 S. E. 1041); *Lamar, Taylor & Riley Drug Co.* v. *First National Bank of Albany*, 127 *Ga.* 448 (56 S. E. 486); *Buchan* v. *Williamson*, 131 *Ga.* 501 (62 S. E. 815); *Jolly* v. *McAdams*, 135 *Ga.* 833 (70 S. E. 254); *Olds Motor Works* v. *Olds Oakland Co.*, 140 *Ga.* 400 (78 S. E. 902); *Zipperer* v. *Helmnly*, 148 *Ga.* 480 (97 S. E. 74). The foregoing does not conflict with the decisions of *Pratt* v. *Gibson*, 96 *Ga.* 807 (23 S. E. 839), *Wells* v. *Butler's Builders' Supply Co.*, 128 *Ga.* 37 (57 S. E. 55), *Waller & Co.* v. *Clarke*, 132 *Ga.* 830 (64 S. E. 1096), *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670), and similar cases in which the judgment complained of purported to dismiss the entire action, thus depriving the court of jurisdiction.

3. The court still having jurisdiction of the whole case, if the last order extending the time for amendment was not granted until after expiration of a preceding order extending the time, but the amendment was finally allowed in pursuance of the last order in term, the fact that the time specified in the preceding order had expired prior to the last order extending the time did not render invalid the order allowing the amendment to meet the special demurrers; and an amendment so allowed is not subject to be stricken on the ground that it was filed too late.

No. 9587. FEBRUARY 19, 1934.

490

*Alston, Alston, Foster & Moise,* for Blyth et al.

*O. Lee White,* contra.

ATKINSON, J. 1. It is declared in the Civil Code, § 5681: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." In § 5628, it is declared: "The judge at each regular term of the superior court shall call all cases on the appearance-docket, and hear and decide all objections made to the sufficiency of petitions and pleas, and may by order dismiss plaintiff's petition, or strike defendant's plea, for non-compliance with the requirements of law, unless the defect is cured by amendment; the court may on good cause shown allow a reasonable time in his discretion for making and filing such amendment." In *Dudley* v. *Mallery,* 4 *Ga.* 52, it was held: "After a demurrer to the whole of a bill has been argued and allowed, the bill is out of court, and therefore can not be regularly amended; but where a demurrer leaves any part of the bill untouched, the whole may be amended, notwithstanding the allowance of the demurrer." In *Lamar, Taylor & Riley Drug Co.* v. *First National Bank of Albany,* 127 *Ga.* 448, 452 (supra), it was said: "He may provide, in his order sustaining a special demurrer, that the plaintiff have an opportunity to amend so as to meet the special demurrer; but he is not bound to do so." In *Buchan* v. *Williamson,* 131 *Ga.* 501, 506, it was said: "Civil Code [1895], § 5045, requires the judge of the superior court at each term to call all cases on the appearance docket, and hear and decide all objections made to the sufficiency of petitions and pleas, and provides that he may, by order, dismiss the plaintiff's petition, or strike the defendant's plea for non-compliance with the requirements of law, unless the defect is cured by amendment, and that the court may, on good cause shown, allow a reasonable time in his discretion for making and filing such amendment. This evidently contemplates the possibility of curing the defect by amendment, and authorizes the judge to allow a reasonable time in his discretion for that purpose, on good cause shown. Considerable latitude is given to him as to the allowance of time and the extent of such

allowance, in order that justice may be done, but not delayed unreasonably. Whenever a defendant raises some objection to the plaintiff's petition, particularly by way of special demurrer calling for fuller allegations on some subject or the attaching of exhibits, it does not follow as a matter of course that the objection is well founded, and the plaintiffs are at least entitled to a ruling of the court on the point before suffering dismissal. A plaintiff is not bound in all cases to follow the suggestions of his adversary on pain of having his case dismissed. In the present case exhibits which may be of considerable extent were declared to be necessary by the defendant, and the plaintiff seems to have controverted that position, and to have claimed that they were unnecessary. Was he not entitled to ask the judgment of the court settling the disputed point of necessity before adding the exhibits? In some cases long records or books are referred to, and it is asked that they be considered without attaching them as exhibits and thus greatly enlarging the pleading. Sometimes reference and profert have been permitted in lieu of making exhibits under particular circumstances. Suppose that the plaintiff should bona fide think that it was not necessary to make a certain exhibit, and the defendant should set up by way of special demurrer that the exhibit should be made. Is the plaintiff bound in all events to yield his judgment and submit to that of the defendant, or may he ask the court to decide the point of contest between them? We think he may. In regard to that ground of demurrer complaining of a decree and deeds and other proceedings attacked by the plaintiffs, we think the better practice would have been to pass upon the ground of demurrer, and, if it was sustained, to allow such reasonable opportunity for amendment as the judge might, in the exercise of a sound discretion, determine was proper; so also we think the court should have ruled on that ground of demurrer which complained of the failure of the plaintiffs to make parties to the present suit such persons as were interested in sustaining the proceeding, judgment, and decree above referred to, and to have afforded a like opportunity to amend, if the plaintiffs should have desired to amend after the ruling. . ."

"Where the court takes the papers and renders his decision afterwards in the absence of counsel, and declines to state on what grounds he predicates his order, or which grounds he sustains, or to give them any other opportunity to offer an amendment, in spite

of a request to do so, after announcing his ruling, counsel are put in the somewhat difficult position of having to amend so as to cover every objection which is raised by his adversary, regardless of whether he believes it to be well taken or not, or else to risk the dismissal of his case for failure to meet a ground of special demurrer, if the presiding judge should differ with him in his view of the matter. Of course the judge is not required to advise counsel, or to intimate to them, what amendments they should make; but that is quite different from passing on a ground of demurrer which raises a contention between the parties as to whether an allegation on some particular point should be made fuller, or whether certain exhibits should be attached to a petition, or the like. No ruling has ever been made upon the exact point now before us, but intimations will be found in *Ripley* v. *Eady,* 106 *Ga.* 422, 424 (32 S. E. 343), and *Lamar, Taylor & Riley Co.* v. *First National Bank,* 127 *Ga.* 452 (56 S. E. 486).''

In *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (supra), it was held: "A trial judge may, in an order sustaining a demurrer, provide that the plaintiff have an opportunity to amend his petition so as to meet the grounds of demurrer." In *Zipperer* v. *Helmnly,* 148 *Ga.* 480 (supra), the judge, upon considering the petition and demurrer, on which the suit was pending, passed the following order: "The hearing on demurrer in the above-stated case coming on for hearing this day, it is ordered by the court that the plaintiff have thirty days from this date in which to present to the court an amendment to said petition, as to tender, and further argument had, and if not presented the case stands dismissed." On December 27, 1917, the plaintiff filed an amendment in the court where the suit was pending, without presenting it to the judge. On April 15, 1918, the plaintiff filed another amendment. The amendments were not presented to the judge for allowance within the time specified in the chambers order, but were formally allowed at the final hearing, April 15, 1918, over objection that they came too late. It was held by this court: "Properly construed, the order of court allowing time in which to amend did not purport to dismiss the petition; and it was within the power of the court, at the final hearing of the case on demurrer, to allow the amendment. Civil Code, § 6581. The order is materially different from those involved in the case of *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E.

670), and in the cases cited in the first division of the opinion in that case." The order involved in *Clark* v. *Ganson,* supra, provided that if no such amendment is filed within the time specified "the suit to stand dismissed," thus putting the entire case out of court. The instant case has reference to the allowance of amendment to meet special demurrers where the order sustaining the special demurrers and giving time for amendment did not purport to dismiss the entire case unless the amendments were filed. The case remained in court subject to the powers of the judge in the matter of allowing amendment. The judge exercised his discretion in the matter of granting time within which to amend to meet the special demurrers which he had sustained. Having granted such order and continuing to have jurisdiction in the main case, it was in the power of the judge to grant successive orders providing for additional time in which to amend, and finally to allow such amendment at the final hearing at a subsequent term of the court. It is immaterial that one of the intermediate orders extending the time was not passed until after the time limit specified in the preceding order had expired. The judge was acting all the time within his powers in virtue of his jurisdiction of the whole case which had not been lost. This sufficiently answers the questions propounded by the Court of Appeals.                                        *All the Justices concur.*