32477.   PARSONS *v.* FOSHEE.

Decided September 23, 1949.   Rehearing Denied October 14, 1949.

*R. L. LeSueur*, for plaintiff in error.

*R. L. Maynard, Claude N. Morris*, contra.

WORRILL, J. ■ The first exception pendente lite is to the order of the trial judge in overruling the general grounds of the defendant's renewed demurrer. A tort is the unlawful violation of a private legal right by reason of which some special damage accrues to the individual. Code, § 105-101. A plaintiff need allege only the factum of the duty, a violation of that duty and damages proximately resulting therefrom in order to withstand a general demurrer. *Vickers* v. *Georgia Power Co.*, 79 *Ga. App.* 456 (54 S. E. 2d, 152); 41 Am. Jur., Pleading, § 78. Tested by these simple rules the petition as amended stated a cause of action founded on the negligence of the defendant and the court did not err in overruling the general demurrers.

■ The exceptions pendente lite complain that the court erred in refusing to strike paragraph 14 of the petition in response to the original and renewed demurrers thereto. Paragraph 14 alleged that, "the aforesaid 1948 Chevrolet Fleetmaster Tudor automobile was purchased brand-new only nine (9) days preceding the date of this collision for the sum of $1511.80, that the said automobile was in good mechanical condition and immediately prior to said collision had a reasonable market value of $1511.80, and after said collision had a reasonable market value of only $700.00, resulting in a loss to this plaintiff of $811.80." The defendant demurred specially to that paragraph on the ground that the paragraph failed to set forth in detail what parts of the automobile were damaged, what repairs were necessary, whether the plaintiff still owned the car, and that the allegations as to the market value before and after the trial were mere conclusions. The court sustained that ground of the demurrer in an order dated October 27, 1948, and allowed the plaintiff 15 days in which to amend. The plaintiff amended by the addition of subparagraph 14a, as follows: "Petitioner's 1948 Chevrolet Fleetmaster Tudor automobile was damaged all over in said collision, it overturned and the top was smashed and bent, the hood was bent, the headlights were damaged, the fenders were smashed and bent, the doors were bent and twisted, the

■

running boards were smashed and bent, radiator was damaged, the wheels were bent, fender braces were knocked loose, and the head lining was torn loose." The defendant renewed her special demurrers, the court overruled them and the defendant excepted pendente lite.

This exception raises two questions for our consideration, the first being whether the amendment filed and allowed by the trial judge sufficiently met the terms of the original demurrer and the second being whether the amendment which apparently was filed two days after the time allowed in the original order had expired, was properly allowed filed, or whether the trial judge had authority to allow and order the amendment filed notwithstanding the fact that it was filed after the time set. Where the trial judge sustains a special demurrer and in his order allows the plaintiff a given time in which to amend, the order not providing for automatic dismissal on the plaintiff's failure to amend within the time allowed, an amendment by the plaintiff, purporting to be filed in response to the original order, opens up the whole case for consideration upon its merits and the conditional order upon the original demurrer concludes nothing. *Folsom* v. *Howell*, 94 *Ga.* 112(1) (21 S. E. 136); *Jones* v. *Butler*, 191 *Ga.* 126, 128 (12 S. E. 2d, 326); *Smith* v. *Bugg*, 35 *Ga. App.* 317, 320 (133 S. E. 49); *Woodland Hills Co.* v. *Lawton*, 37 *Ga. App.* 742 (3) (142 S. E. 208). While the original order on the special demurrers did not provide for automatic dismissal conditioned on the plaintiff's failure to amend, the order was necessarily a conditional one in that it left it evident that other and further orders on the demurrers might be made after the required amendment had been filed or after the time for its filing had expired. The paragraph of the petition as amended was a sufficient allegation of the correct measure of damages to the automobile of the plaintiff (*O'Donnelly* v. *Stapler*, 34 *Ga. App.* 637 (5), 131 S. E. 91; *Lamb* v. *Landers*, 67 *Ga. App.* 588 (4), 21 S. E. 2d, 321), and the trial judge's ruling after the petition was amended was not error.

The defendant's demurrer to this paragraph of the petition was sustained on October 27, 1948, and the plaintiff was given 15 days in which to amend. That period would have expired after November 11, 1948. The amendment bears the following

orders and notations: "Amendment allowed and ordered filed as a part of the record in the above case, subject to objection and demurrer. This 13th day of November, 1948. W. M. Harper, Judge Superior Court. The foregoing amendment was filed with the clerk in clerk's office on November 11th, 1948. W. M. Harper, JSCSWC. Min. CC p-326. Filed in office 13 day of Nov., 1948. S. R. Heys, Clerk." Counsel for the plaintiff in error cite *Lancaster* v. *Ralston*, 58 *Ga. App.* 404 (1) (198 S. E. 839); *Johnson* v. *Vassar*, 143 *Ga.* 702 (85 S. E. 833); *Clark* v. *Ganson*, 144 *Ga.* 544 (1) (87 S. E. 670), as sustaining their position that the amendment filed in this case, not having been presented to and allowed by the judge within the time specified in the original order, came too late and that the amendment should have been disallowed. We do not think that these cases control the question presented. In *Zipperer* v. *Helmnly*, 148 *Ga.* 480, 482 (97 S. E. 74), the trial judge's original order on the special demurrers read in part, "that the plaintiff have 30 days from this date in which to present to the court an amendment to said petition, . . and if not presented the case stands dismissed." Thereafter the plaintiff filed an amendment with the clerk without presenting it to the judge, and after the time limit had expired the trial judge formally allowed the amendment. The court held that, "Properly construed, the order of court allowing time in which to amend did not purport to dismiss the petition; and it was within the power of the court, at the final hearing of the case on demurrer, to allow the amendment." We think that the order here involved, much more so than the one in the *Zipperer* case, shows that it did not purport to dismiss the entire action if no amendment was filed, and that jurisdiction of the case was retained by the court. Under the terms of the order the court had the power to allow the amendment and order it filed after the time limit originally set in the first order had expired, and at any time before the final hearing on the demurrers was had. See *Davis* v. *Bishop Brothers*, 158 *Ga.* 66, 69 (122 S. E. 555), *Blyth* v. *White*, 178 *Ga.* 488 (1) (173 S. E. 421), and *Coleman* v. *Davis*, 59 *Ga. App.* 750 (2 S. E. 2d, 148).

■ The first special ground of the motion for new trial complains of the admission in evidence over the defendant's objection of the following excerpt from the testimony of the plaintiff:

"On this particular spot of the highway I came up a slight hill and around a bending curve and on this curve I met two automobiles and when I met the last of these two automobiles approximately a hundred feet ahead of me I saw a car turning across the highway which later proved to be Mrs. Raymond Parsons. Traveling at fifty miles an hour I saw she was going to completely block my side of the highway." It is contended that the statement, "I saw she was going to completely block my side of the highway," was a conclusion of the witness. We do not think this ground of the motion shows error. A party is entitled to explain to the jury just what fact or thing motivated his actions, and in view of the statement immediately preceding that objected to that "I saw a car turning across the highway," we think that, if it be a conclusion, it was sufficiently supported and explained by statements of facts to permit its consideration by the jury.

■ The second special ground of the amended motion for new trial alleges error in the refusal of the court to admit certain testimony of the defendant relating to the extent of her injuries. Ground four of the amendment to the motion for new trial complains of a charge of the court relating to the damages sought by the defendant in her cross-action. While the charge complained of may have been misleading and confusing to the jury, had it gotten to the point of considering the defendant's damages, we do not think that this ground of the motion shows harmful error. This is true because the jury having decided the question of the right to recover at all adversely to the defendant, never got to the point of considering the extent of the defendant's damages and applying the allegedly erroneous charge. *Howard* v. *Georgia Ry. & Power Co.*, 35 *Ga. App.* 273 (8) (133 S. E. 57), and citations. We think that this reasoning may likewise be applied to the ruling on the defendant's evidence which was excluded, and for this reason we do not think that the second ground shows error.

■ Ground three complains of error because the court refused to permit one of the defendant's witnesses while on the witness stand to make a drawing illustrating the scene of the collision. It is contended that the court's ruling shows that it did not exercise its discretion in the matter but merely held as a matter of

law that such could not be done. With this contention we cannot agree. It is the usual procedure for the witness to prepare or have prepared any drawings or diagrams relating to the issues to be tried prior to the trial and to identify such drawings or diagrams upon the trial for their later receipt in evidence. We think, however, that the judge's discretion in such matters is very broad, and that, in the absence of a clear showing of an abuse of such discretion, his action in refusing to permit the witness to prepare a drawing while on the stand and during the trial will not be controlled.

■ Special ground five of the motion complains of the following charge: "I charge you that our law provides that the operator of a motor vehicle upon the highways of this State shall give due warning and reduce the speed of his vehicle upon approaching any sharp curve, dugway, descent, or other dangerous place upon such street or highway. The failure to do so would be a violation of the law of our State and would be negligence per se. I charge you that with reference to the cross-action in this case that the provisions of law that apply to the plaintiff here are also equally applicable to the defendant." It is alleged that the instructions were hurtful and harmful to the defendant for the reason that it put an additional burden on her of giving due warning when she turned left across the highway. If such was the effect of this charge, we do not think that this ground of the motion shows error sufficient to warrant the grant of a new trial. While the instruction may have been inapt, and not adjusted to the issues and facts of the case, we do not think it mislead the jury, since the judge elsewhere in the charge substantially gave to the jury the law as applicable to the facts and issues in the case.

■ Special ground six complains of a charge of the court in the language of the third headnote in *Cone* v. *Davis*, 66 *Ga. App.* 229 (17 S. E. 2d, 849). While it may not be proper in some cases for the trial judge in his charge to read to the jury the holding of the appellate court in some other case, we do not think that the charge in this case in any way harmed the defendant's case or that a new trial is warranted on this ground of the motion.

■ Special ground seven complains of the refusal of the court

to charge a request, and ground eight of a portion of the charge as given. The charge as given substantially covered the matter embodied in the request and ground seven shows no error. While the wording of the charge complained of in ground eight may have been inapt and may have amounted somewhat to an expression of opinion, we do not think that ground shows reversible error.

■ The evidence authorized the verdict, and no error of law appearing, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*